# DAVIS v. KEYES.

### Co-partnership—Dissolution—Notice to Dealers.

A creditor of the firm, who has been accustomed to deal with the partnership, is entitled to special notice of dissolution, to exonerate the retiring partner. A general notice which cannot be brought home to the knowledge of the creditor is not sufficient.

CLERKE, J.—This case differs from the other case between the same parties in one point, and only in one. The Judge charged the jury—relative to notice to the Plaintiff of the dissolution of the copartnership—that "The law exacts of persons, when they retire from a partnership, that they shall notify the creditors or persons who have dealt with them of that fact, and the fair intendment of the rule is, that such persons shall be notified in the ordinary business way. Casual conversations in the street, which parties do not remember, in relation to such a fact, can hardly be said to be such a notice, unless the parties interested are distinctly apprised, and know at the time that it was intended as such notice." As I understand the law, all that it requires is, that if the creditor had knowledge of the dissolution of the copartnership, at the time the credit was given, he cannot recover against the members of the firm who have withdrawn. It matters not how that knowledge has been communicated; if the creditor is in possession of it, he cannot recover. To be sure, casual conversations in the street might have been forgotten or disregarded; but it was for the jury to determine, under the proof and all the circumstances, whether the notice was effectual or not. To say that a particular kind of notice was essential, was calculated to lead the jury from the consideration whether the Plaintiff had any notice that communicated to him knowledge of the dissolution; and, I think, if the Judge did not intend to charge absolutely that the law required a particular kind of notice, when the counsel for the Defendant excepted to that part of the charge to which I have referred, he should have

explained his meaning more explicitly to the jury. The judgment should be reversed, and a new trial ordered, costs to abide the event.

All reverse.

JOEL TIFFANY,
State Reporter.