WILLIAM JONES v. THE SHAFER IRON COMPANY.

*Notice.*

1. Actual knowledge, however acquired, dispenses with the necessity for notice.
2. Such facts must be made to appear in order to dispense with the necessity for notice as will warrant a jury in believing that the party had actual knowledge.
3. This case is ruled in the main by *Tousignant v. Iron Co., ante*, 87.

Error to Iron. (Stone, J.) Argued April 6, 1893. Decided June 16, 1893.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion, and in *Tousignant v. Iron Co., ante*, 87.

*E. E. Osborn*, for appellant.

*Moriarty & Abbott (Ball & Hanscom*, of counsel), for plaintiff.

McGRATH, J. This case is in most respects similar to

the case of *Tousignant v. Shafer Iron Co., ante,* 87, and is ruled thereby.

There was some testimony tending to show that plaintiff and one of the other persons in whose behalf suit was brought had actual knowledge of the change in employers.

The question of notice or knowledge is one of fact for the jury. Actual knowledge, however acquired, dispenses with the necessity for notice. 17 Amer. & Eng. Enc. Law, 1121; *Davis v. Keyes,* 38 N. Y. 94; *Dickinson v. Dickinson,* 25 Grat. 321; *Ennis v. Williams,* 30 Ga. 691. Such facts must be made to appear as will warrant a jury in believing that the party had actual knowledge. 17 Amer. & Eng. Enc. Law, 1122. The court instructed the jury that, if any of the men received notice or knowledge in any way that Jennings was the man they were working for, and not the Shafer Iron Company, they could not recover. We think that that question was fairly submitted.

The judgment is reversed, and a new trial granted.

The other Justices concurred.