GILLESPIE v. GREENE.

1. Nuisance—Hogs—Garbage.
    A very large number of hogs gathered together can create a nuisance, garbage several days old becomes a nuisance, and the combination is bad and intensifies the nuisance.

2. Same—Piggery—Evidence—Contamination of Drain—Odors.
    Evidence *held*, to support finding of trial judge that garbage-fed piggery operated by defendant was a nuisance due to contamination of a county drain and noxious and nauseating odors from the piggery itself, notwithstanding efforts made toward partial abatement.

3. Same—Piggery—Cessation of Business—Abatement of Nuisance.
    Where decree declaring defendant's piggery to be a nuisance is affirmed, operation of the business is ordered to cease by the end of July conditioned upon use of every proper method to minimize the nuisance or immediate cessation, in order to avoid subjecting plaintiffs to such nuisance during summer months.

Appeal from Bay; Noe (Alton H.), J., presiding. Submitted April 26, 1949. (Docket No. 53, Calendar No. 44,390.) Decided June 6, 1949.

Bill by William Gillespie and another against J. Claude Greene, doing business as Garbage Disposal Company, and another to restrain the operation of a piggery. Decree for plaintiffs against defendant Greene. Defendant appeals. Affirmed.

References for Points in Headnotes
[1-3] 39 Am Jur, Nuisances, §§ 59, 66.
[1-3] Piggery as a nuisance. 50 ALR 1017.
[3] 39 Am Jur, Nuisances, §§ 171, 172.

*F. Norman Higgs,* for plaintiffs.

*Oscar W. Baker, Jr.,* for defendant.

BUTZEL, J.   Plaintiffs are owners of land respectively in Bangor and Kawkawlin townships, Bay county, Michigan, and not far distant from the piggery and garbage disposal plant of J. Claude Greene, d/b/a Garbage Disposal Company, defendant and sole appellant.   On September 4, 1947, plaintiffs filed a bill for the abatement of the nuisance caused by defendant in the operation of a piggery and asking that he be enjoined from continuing it.   The bill was dismissed as to defendant city of Bay City. Testimony showed that appellant fed some 300 to 350 hogs on the premises, to which he hauled the garbage that had been collected from some 4,000 residences in Bay City.   It was further shown that the stench from appellant's premises permeated the atmosphere for a very long distance and at times reached homes miles away; that the condition thus created was revolting and nauseating to many residents in the 2 townships.   It was also shown that the refuse waters from the garbage and the piggery flowed into Indian Town drain, a duly-established county drain, and that plaintiffs were owners of land assessed for the maintenance of said drain; that said drain flowed through the lands of plaintiffs, or at least some of them; that as a result of appellant's operations the drain became filled with waste and decaying matter; that for long periods of time in the summer the drain was filled with stagnant water which was contaminated with refuse from appellant's piggery and caused the air for a long distance to be filled with noxious and nauseating stenches.

Defendant as appellant raises only one question: Did the court err in holding that defendant's present and future method of operation of his business

materially interfere with plaintiffs' enjoyment of their property, and thereby create a private nuisance? Plaintiffs as appellees state the question as follows: Did the appellant develop a method of treating garbage fed to his pigs on a commercial scale and in a manner so that it will not constitute a nuisance? The bill of complaint was filed September 4, 1947. The case was not heard until May 25 and 26, 1948. In the period that intervened, and possibly shortly before then, appellant did make earnest efforts to correct the conditions so as to abate the nuisance. Whether they were sufficient to abate the nuisance is the only controversial question in the case. There was a partial abatement of the nuisance but it was not and from the testimony cannot be sufficiently eliminated. A very large number of hogs gathered together can create a nuisance. Garbage several days old becomes a nuisance. The combination is bad and intensifies the nuisance. Testimony showed that before the garbage was fed to the hogs, it was at least from 3 to 5 days old. Appellant built some concrete slabs on which the garbage was spread. He also used lime, a crane and a bulldozer to bury such refuse as was not eaten together with excreta from the hogs. Defendant also testified that he proposed only keeping 200 hogs on the premises in 1948. Testimony was offered to show that during the 5 months prior to the hearing in 1948, conditions were not as bad as in previous years. These were winter and spring months. It was shown, however, that the supply of garbage and the odor from its decomposition and also from the hogs became more intense in the summer months because of the hot weather, and the larger amount of garbage gathered from the waste of vegetables and fruits used by householders. One of the plaintiffs testified that the odor in 1948 from appellant's farm and the drain was the same as during the previous year although

at the time of the hearing it was not as bad as the previous summer; that there was a heavy smell coming from it every day in 1948. Another one of the residents who lived nearby, but who was not a plaintiff, testified that in 1948 he had smelled the odors on 2 occasions, also that the drain still had a stagnant smell and the ditch which he had seen the morning of the hearing had scum on the surface. A health officer for Bay county testified that the conditions had been much improved but that within the week prior to the hearing he noticed the odors while he was on the road from behind the farm. He further stated that any time there is wet garbage and hogs feeding on it and leaving their excreta there is plenty of odor. Another witness testified that odors were very bad on various days in 1948. Defendant also testified in his own behalf and produced a number of witnesses, almost all of whom corroborated his testimony to the effect that new methods were being used by him so that the nuisance had been abated. With the exception of defendant and of a former owner of the premises, the witnesses for defendant were either employees, their relatives or someone who had some business relations with defendant.

The trial judge visited the premises himself at or about the time of the hearing and at a time when the weather was comparatively mild and there was no garbage deposited on the concrete slabs. He found the drain was considerably contaminated by reason of the putrefied matter which, according to the health officer, was caused by the accumulation of garbage and offal from the piggery maintained by the appellant. The judge further stated that the grounds and the entire farm seemed to be completely filled with a sour, unpleasant odor and that under conditions of extreme heat a most unpleasant situation, annoying and objectionable to an extent sufficient to prove a nuisance, would result from the continuance of

defendant's business. In *Mitchell* v. *Hines,* 305 Mich 296, 302, we stated:

"Tests do not show any satisfactory means of carrying on a large-scale garbage-feeding piggery. * * * No method of feeding garbage to pigs on a commercial scale, as is here the case, in a manner that will not constitute a nuisance has been disclosed by the proof."

Also, see *Trowbridge* v. *City of Lansing,* 237 Mich 402 (50 ALR 1014); *Albaugh* v. *Abbott,* 253 Mich 588.

Appellant asks that if the decree of the lower court be upheld, that he be given a period of one year to remove the business, or to close it, but on condition that he maintain the 1948 method of disposition of the refuse. Appellant has already had 8 months since October 4, 1948, when the decree was rendered, while the appeal was being perfected and brought on for hearing. Plaintiffs should not be subjected to the nuisance during the ensuing summer months. Appellees suggest that if any further time for discontinuing the business is allowed, that it should not be beyond July, 1949. On account of the exigencies in the situation, we adopt this suggestion.

The decree of the trial court in favor of plaintiffs is affirmed, but appellant will be allowed until the end of July, 1949, to move or close the business, provided that in the meantime he uses every proper method to minimize the nuisance, and that, in case of his failure to do so, plaintiffs may apply to the trial court for an order for the immediate cessation of the business. Plaintiffs will recover costs.

Sharpe, C. J., and Bushnell, Boyles, Reid, North, Dethmers, and Carr, JJ., concurred.