## KOBS v. ZEHNDER.

1. Nuisance—Health.
    Injury or detriment to health need not be shown in order to
    establish the existence of a private nuisance.

2. Same—Garbage.
    Garbage is a nuisance *per se.*

3. Same—Piggery—Garbage—Offal and Other Refuse—Injunc-
    tion—Evidence.
    In suit to restrain a private nuisance created by operation of
    defendants' farm as a piggery, evidence justified decree re-
    straining defendants from dumping on their farm garbage and
    other offensive waste matter, including carcasses of animals,
    slaughterhouse offal and chicken hatchery refuse.

4. Same—Piggery—Brewery Waste—Injunction—Fertility of
    Soil.
    In suit to restrain a private nuisance created by operation
    of defendants' farm as a piggery, permission to defendants
    to pile waste hops and malt at some distance from plaintiffs'
    residence but subject to the condition it was not to be spread
    upon the land except during cold weather from November
    to March, inclusive, and which is not shown to have resulted
    in material inconvenience or damage to defendants *held,*
    proper, since defendant farmers should be allowed to main-
    tain and increase the fertility of their soil.

5. Same—Piggery—Damages—Value of Property—Use of Home.
    Denial of an award of damages to plaintiffs in their suit to
    restrain private nuisance, arising from operation of defend-
    ants' farm as a piggery, was proper, where no claim is made

---

References for Points in Headnotes
[1] 39 Am Jur, Nuisances, § 27.
[2] 39 Am Jur, Nuisances, § 94.
[3] 39 Am Jur, Nuisances, §§ 66, 67, 69.
[4] 39 Am Jur, Nuisances, § 172.
[5] 39 Am Jur, Nuisances, §§ 142, 143.
[6] 14 Am Jur, Costs, § 97.

that the value of their property was impaired, or that the nuisance during the months of June to November, inclusive, was of such extent as to prevent the use of their home.

6. Costs—Nuisance—Appeal—Cross Appeal—Failure of Either Party to Prevail.
    Where defendants appealed from decree entered in suit to restrain a private nuisance and plaintiffs cross-appealed and neither party prevailed on their respective appeals, no costs are allowed.

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted October 4, 1949. (Docket No. 10, Calendar No. 44,363.) Decided December 7, 1949.

Bill by Henry A. Kobs and wife against William Zehnder, Sr., and his son for injunction restraining a private nuisance. Decree for plaintiffs. Defendants appeal. Plaintiffs cross-appeal. Affirmed.

*T. George Sternberg,* for plaintiffs.

*Albert A. Smith (William C. O'Keefe,* of counsel), for defendants.

Carr, J. Plaintiffs are the owners of a farm in Birch Run township, Saginaw county, on which they have resided for a number of years past. Defendants are engaged in farming adjoining land, the title to which is in the name of defendant William Zehnder, Sr. On such farm defendants have raised various crops and livestock, including hogs. The instant suit was brought in November, 1947, plaintiffs alleging in their bill of complaint that for some time previously, and especially during the year 1947, defendants had dumped garbage, slaughterhouse offal, chicken hatchery refuse, and waste brewery hops and malt, on the Zehnder premises, as a result of which offensive and nauseating odors were produced, causing extreme discomfort and annoyance to the plain-

tiffs in the use and enjoyment of their home. It was alleged that the conditions resulting from defendants' conduct endangered the health of plaintiffs. Injunctive relief was sought to prevent defendants from continuing the acts of which plaintiffs complained. Plaintiffs also claimed damages for the injuries asserted by them.

The answer to the bill of complaint denied that defendants had created or were maintaining a private nuisance as asserted by plaintiffs, and denied the right to injunctive relief. The issues as framed by the pleadings were duly presented on the trial in circuit court. After listening to the proofs of the parties and visiting the premises on several occasions, under varying climatic conditions, the trial judge came to the conclusion that plaintiffs were entitled to relief. The decree entered restrained defendants from dumping garbage on their farm in question, permitted them to pile waste hops and malt thereon at some distance from plaintiffs' residence but subject to the condition that such material should not be spread upon the land except during the cold weather in the months of November to March inclusive, and enjoined defendants from placing other offensive waste matter, including carcasses of animals, slaughterhouse offal, and chicken hatchery refuse, on said farm.

From such decree both parties have appealed, plaintiffs insisting that the trial court was in error in permitting waste brewery hops and malt to be piled on defendants' farm, and also in refusing to award damages to plaintiffs for their alleged inconvenience and discomfort. Defendants insist that the decree should be modified to permit them to feed garbage to their hogs on the premises, and also that they should be allowed to spread the piles of waste hops and malt at any time they might wish to do so in

accordance with what they insist to be "good farming practice."

On the trial of the case evidence was introduced by plaintiffs to support the allegations of their bill of complaint. Defendants conceded that they kept and fed hogs on their farm, the number varying from time to time and apparently reaching a maximum of 103 in June, 1947, and that garbage from 2 hotels and a restaurant in Frankenmuth was hauled daily to the premises and placed on the ground for consumption by the hogs. The proofs further disclosed that hatchery refuse, slaughterhouse offal, and the carcasses of dead animals and fowls, had been hauled to the premises and left on the surface of the ground. The testimony was somewhat in dispute as to the offensive character of the odors resulting from defendants' methods of operation. The trial court after listening to the testimony of the witnesses and inspecting the premises, as above indicated, came to the conclusion that the condition should be remedied, and that defendants' farming operations should be modified in such manner as to eliminate, as far as such result could reasonably be accomplished, the offensive odors of which the plaintiffs complained.

It appears that during 1947 plaintiffs had complained to certain public health authorities, and that, at the insistence of the latter, conditions had been remedied to some extent by defendants. However, they continued to haul garbage for the purpose of feeding the hogs, and in the fall of the year spread on their fields the piles of brewery waste that had accumulated. The resulting conditions prompted the instant suit. It is evident from the proofs that defendants' attempts to improve the situation fell far short of removing the grounds for the objections raised by plaintiffs.

Counsel for defendants point out in their brief that the proofs fail to establish that either of the

plaintiffs became ill as a result of the situation in question. However, injury or detriment to health need not be shown in order to establish existence of a private nuisance. *Trowbridge* v. *City of Lansing,* 237 Mich 402 (50 ALR 1014); *Mitchell* v. *Hines,* 305 Mich 296. In *Albaugh* v. *Abbott,* 253 Mich 588, it was declared that "Garbage is a nuisance *per se.*" See, also, *Gillespie* v. *Greene,* 325 Mich 154. In each of these cases, as well as in other decisions of like import, the operation of the piggery involved was enjoined as a private nuisance. Defendants insist in the instant case that the number of hogs maintained by them on their premises is less than in the cases cited. However, the decree of the trial court does not enjoin defendants from raising hogs on their farm, but rather seeks to control in certain respects their methods of operation in so doing. The proofs in the case fully justified the granting of relief to the extent above stated.

It was defendants' claim that by the use of the brewery waste as fertilizer they had greatly increased the fertility of the soil on their farm, and are thereby enabled to raise much better crops than would be possible without such use. If such material is handled as required by the decree, it does not appear to be probable that any material discomfort or other injury will result to the plaintiffs. Defendants should be allowed to carry on their farming operations in such manner as to maintain and increase the fertility of the soil. On the other hand, they are not in position to complain because limited to winter months in the distribution of the brewery waste upon the land. It does not appear that the condition in this regard as imposed by the decree will result in material inconvenience or damage insofar as defendants are concerned. The trial judge acted reasonably in seeking to protect the rights of

both plaintiffs and defendants, and we do not think that his conclusion should be disturbed.

Plaintiffs' claim for damages is based wholly on the inconvenience and discomfort resulting to them, particularly during the period from June to November, inclusive, 1947, because of noxious odors arising from the garbage, brewery waste, and other refuse on defendants' premises. No claim is made that the value of their property was impaired, or that the nuisance was of such extent as to prevent use of their home. On the record before us we are in accord with the conclusion of the trial judge that the proofs did not justify an award to the plaintiffs by way of damages.

The decree of the trial court is affirmed. Inasmuch as neither plaintiffs nor defendants have prevailed on their respective appeals, no costs are allowed.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.