WARREN L. MONG, JR., Respondent, *v.* ALLSTATE INSURANCE COMPANY, Appellant.

Fourth Department, January 10, 1962.

*W. Park Catchpole* for appellant.

*Hornburg, Diggs & Dwyer (Robert M. Diggs* and *Joseph C. Dwyer* of counsel), for respondent.

HENRY, J.   Plaintiff, having recovered a judgment against one Drone for damages sustained as a result of a collision between automobiles of the respective parties which remained unsatisfied more than 30 days after service of notice of entry thereof, brought this action against defendant, as Drone's insurer, under section 167 of the Insurance Law.   The accident occurred November 28, 1957.   Defendant claims that it had cancelled its policy insuring Drone against liability on March 12, 1957, by notice mailed to the insured on February 28, 1957.   A copy of the cancellation notice which defendant claims to have mailed to Drone reads in part as follows:

" ALLSTATE INSURANCE COMPANY          IMPORTANT NOTICE
  " We regret to advise you that your insurance must be terminated because the payment shown in the lower right hand corner was not received.   Therefore, your insurance is HEREBY CANCELLED effective as of the date shown in the large box at the right.   If your payment is received at any Allstate office before this date we will continue your insurance.

      " Date of Notice 2-28-57."
\*   \*   \*

      " DATE INSURANCE TERMINATES
         3-12-57."

The notice was dated after the effective date of the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, §§ 93 to 93-k as added by L. 1956, ch. 655), commonly known as the Compulsory Insurance Law.   Section 93-c thereof then read in part as follows:   " Every such notice of termination for any cause whatsoever sent to the insured shall include \* \* \* a statement that proof of financial security is required to be maintained continuously throughout the registration period and that failure to maintain such proof of financial security is a misdemeanor."

The notice which appellant claims to have mailed to Drone does not contain this statement required by section 93-c.   The requirement that the notice should inform the insured that proof of financial security is required to be maintained and that failure to maintain it is a misdemeanor, is essential to carrying out the purposes of the act stated in subdivision two of section 93 thereof by assuring as far as possible that no uninsured auto-

mobile is operated in this State. When defendant issued Drone's automobile liability policy, it issued to him a certificate of insurance (FS-1) which was filed with the Commissioner of Motor Vehicles. This certificate appeared by the Commissioner's records to be in effect at the date of the accident. "Once a certificate of insurance under section 93-b has been issued by the insurance company and filed with the Commissioner, the contract of insurance ceases to be a private contract between the parties. A supervening public interest then attaches and restricts the rights of the parties in accordance with the statutory provisions." (*Teeter* v. *Allstate Ins. Co.*, 9 A D 2d 176, 181, affd. 9 N Y 2d 655.)

The statute, which provides that operation of an uninsured automobile is a misdemeanor (§ 93-i) and notice thereof to the insured on termination of his contract of insurance, are the principal deterrents to operation of the uninsured automobile from the effective date of termination of insurance until the Commissioner revokes the registration of the motor vehicle.

"To a large extent, the statutory scheme rests upon these penal sanctions. The burden is cast upon the insured to comply with the statute and to cease operating his automobile upon the date specified in the termination notice, if he does not obtain new insurance coverage before that date." (*Teeter* v. *Allstate Ins. Co., supra,* pp. 180–181.)

Because of defendant's failure to comply with the provisions of section 93-c, which says that no contract of insurance shall be terminated by cancellation except in the manner stated in the section, its attempted cancellation was ineffective. It did not terminate Drone's insurance contract. The insurance remained in force. On the expiration date, October 19, 1957, defendant failed to mail any notice to Drone of termination for failure to renew the policy as required by section 93-c. The insurance was not terminated before the date of the accident on November 28, 1957.

The judgment and order should be affirmed, with costs.

WILLIAMS, P. J., BASTOW, GOLDMAN and HALPERN, JJ., concur.

Judgment and order unanimously affirmed, with costs.