DEPYPER v SAFECO INSURANCE COMPANY OF AMERICA

Docket No. 202965. Submitted October 6, 1998, at Detroit. Decided November 3, 1998, at 9:05 A.M. Leave to appeal sought.

Shannon Depyper brought an action in the Macomb Circuit Court against Safeco Insurance Company of America, alleging wrongful denial of a claim for first-party, no-fault insurance benefits under an automobile insurance policy issued by the defendant to the plaintiff and her husband. In denying the claim, the defendant had contended that cancellation of the policy for nonpayment of premium had taken effect before the date of the accident giving rise to the claim and that such cancellation had been pursuant to a written notice of cancellation sent to the plaintiff. The plaintiff moved for summary disposition, arguing that the policy had not been canceled because the written notice of cancellation had not complied with the requirement of MCL 500.3020(5); MSA 24.13020(5), now MCL 500.3020(6); MSA 24.13020(6), that the notice include a statement that the insured should not operate an uninsured vehicle. The court, Michael D. Schwartz, J., denied the motion. A jury returned a verdict in favor of the defendant, and the court entered a judgment consistent with the verdict. The plaintiff appealed.

The Court of Appeals *held*:

The defendant's failure to give the warning required by subsection 3020(5) rendered its cancellation notice ineffective. An effective cancellation of an insurance policy requires strict compliance with the cancellation clause. Insurance contracts should be construed in light of statutory requirements, and mandatory statutory provisions should be read into insurance contracts. Pursuant to subsection 3020(5), the defendant was required to include in its notice of cancellation the warning about not operating an uninsured vehicle. The Legislature intended the required warning to deter the operation of uninsured vehicles, and actual knowledge by the plaintiff that she should not have operated an uninsured vehicle did not render the lack of notice harmless.

Reversed and remanded for entry of judgment for the plaintiff.

O'CONNELL, J., concurring, stated that the majority opinion properly reflects the current state of the law, but also stated that the public policy behind the statutorily mandated warning not to operate an uninsured vehicle is to protect third parties from uninsured and financially irresponsible motorists, that such public policy is not being served by applying the statute in a manner that benefits the plaintiff, and that the plaintiff should not be able to evade the consequences of wrongdoing in the form of knowingly driving an uninsured vehicle.

INSURANCE — NO-FAULT — NOTICES OF CANCELLATION — WARNING AGAINST OPERATING UNINSURED VEHICLES.

A written notice by a no-fault insurer to an insured of cancellation of the policy must include a statement that the insured shall not operate or permit the operation of the vehicle for which the notice of cancellation is given, or operate any other vehicle unless the vehicle is insured as required by law; failure to include such statement in the notice of cancellation renders the cancellation notice ineffective (MCL 500.3020[5]; MSA 24.13020[5], now MCL 500.3020[6]; MSA 24.13020[6]).

*Law Offices of Wayne J. Miller, P.C.* (by *Jonathan H. Frank*), for Shannon Depyper.

*Siemion, Huckabay, Bodary, Padilla, Morganti & Bowerman, P.C.* (by *Raymond W. Morganti*), for Safeco Insurance Company of America.

Before: HOEKSTRA, P.J., and CAVANAGH and O'CONNELL, JJ.

CAVANAGH, J. Plaintiff Shannon Depyper appeals as of right from the jury verdict in favor of defendant Safeco Insurance Company of America in this action for recovery of no-fault benefits. We reverse and remand for entry of judgment in favor of plaintiff.

The facts of this case are essentially undisputed. Plaintiff and her husband[1] were insured under a no-fault automobile insurance policy issued by defendant. Plaintiff and her husband failed to pay a premium that was due on September 22, 1992. Plaintiff was injured in an automobile accident on October 27, 1992. Defendant refused to pay the claim, asserting that the insurance policy had been canceled effective October 20, 1992, because the premium had not been paid.

Defendant produced a copy of a letter dated October 6, 1992, to support its contention that plaintiff had been given notice of the impending cancellation of the policy. However, although defendant's policy contains a provision stating that defendant will comply with state-law notice requirements for terminating an insurance policy, the cancellation letter did not comply with the requirement in MCL 500.3020(5); MSA 24.13020(5)[2] that a notice of cancellation contain a statement that the insured should not operate an uninsured vehicle.

On October 8, 1993, plaintiff filed the instant action, asserting that defendant had wrongfully denied her claim.[3] On May 3, 1995, plaintiff filed a motion for

---

[1] Plaintiff and her husband are now divorced.

[2] The statute was amended by 1995 PA 288 to redesignate this provision as MCL 500.3020(6); MSA 24.13020(6). The prior version is considered here because rights and obligations under an insurance policy vest at the time of the accident, *Clevenger v Allstate Ins Co*, 443 Mich 646, 656; 505 NW2d 553 (1993), and plaintiff's accident occurred in 1992.

[3] Two additional parties took part in the trial court proceedings, although they are not involved in this appeal. The trial court permitted the Department of Social Services to intervene on the basis that it would be subrogated to plaintiff's right to collect for her medical expenses because

summary disposition pursuant to MCR 2.116(C)(9) and (10). Plaintiff contended that she never received a cancellation notice from defendant. Plaintiff further argued that the cancellation notice produced by defendant was ineffective because it did not comply with MCL 500.3020(5); MSA 24.13020(5).

The trial court denied plaintiff's motion on September 13, 1995. The trial court found that defendant's noncompliance with MCL 500.3020(5); MSA 24.13020(5) did not invalidate the cancellation notice because "strict compliance with the warning requirement would not protect against cancellation and preserve the contract of insurance." The case proceeded to trial on the question whether plaintiff had received the notice that her insurance was canceled, and a jury found in favor of defendant. The order incorporating this verdict was entered on October 22, 1996.

In her sole issue on appeal, plaintiff contends that the trial court erred in denying her motion for summary disposition. On appeal, an order granting or denying summary disposition is reviewed de novo. A motion for summary disposition may be granted pursuant to MCR 2.116(C)(10) when, except with regard to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Giving the benefit of reasonable doubt to the nonmovant, the trial court must

it had made medical payments for her under a Medicaid program. In addition, plaintiff filed an amended complaint on October 18, 1994, in which she sought to bar the Michigan Conference of Teamsters Health and Welfare Fund from obtaining reimbursements for payments for medical expenses that it had made on her behalf, which it claimed had been done erroneously.

determine whether a record might be developed that would leave open an issue upon which reasonable minds might differ. *Moore v First Security Casualty Co,* 224 Mich App 370, 375; 568 NW2d 841 (1997).

Because the parties' dispute concerns a statutory requirement, rather than an interpretation of the language of the insurance policy itself, we conclude that the trial court's reliance on contract principles alone was misplaced. As the Supreme Court has stated:

> The policy and the statutes related thereto must be read and construed together as though the statutes were a part of the contract, for it is to be presumed that the parties contracted with the intention of executing a policy satisfying the statutory requirements, and intended to make the contract to carry out its purpose.
>
> A policy of insurance must be construed to satisfy the provisions of the law by which it was required, particularly when the policy specifies that it was issued to conform to the statutory requirement; and where an insurance policy has been issued in pursuance of the requirement of a statute which forbids the operation of a motor vehicle until good and sufficient security has been given, the court should construe this statute and the policy together in light of the legislative purpose. [*Rohlman v Hawkeye-Security Ins Co,* 442 Mich 520, 525, n 3; 502 NW2d 310 (1993), quoting 12A Couch, Insurance, 2d (rev ed), § 45:694, p 331-332.]

Defendant's policy states it will comply with state-law notice requirements for terminating an insurance policy.[4] Michigan law provides:

---

[4] The policy states:

If the law in effect in your state requires any longer notice or any special form of or procedure for giving notice, or modifies any of

> A notice of cancellation, including a cancellation notice
> under section 3224, shall be accompanied by a statement
> that the insured shall not operate or permit the operation of
> the vehicle to which notice of cancellation is applicable, or
> operate any other vehicle, unless the vehicle is insured as
> required by law. [MCL 500.3020(5);   MSA 24.13020(5).]

The cardinal rule of statutory construction is to give effect to the Legislature's intent. When statutory language is clear and unambiguous, courts must apply it as written. The statutory language is given its ordinary and generally accepted meaning. *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 631; 563 NW2d 683 (1997). However, if reasonable minds may differ on the meaning of a statute, judicial construction may be appropriate. *USAA Ins Co v Houston General Ins Co*, 220 Mich App 386, 389-390; 559 NW2d 98 (1996).

The general rule is that an effective cancellation of an insurance policy requires strict compliance with the cancellation clause. *Blekkenk v Allstate Ins Co*, 152 Mich App 65, 74; 393 NW2d 883 (1986). Insurance contracts should be construed in light of statutory requirements, and mandatory statutory provisions should be read into insurance contracts. *Id.* at 78. The use of the word "shall" in a statute connotes a mandatory duty or requirement. *Scarsella v Pollak*, 232 Mich App 61, 63-64; ___ NW2d ___ (1998); *Hadfield v Oakland Co Drain Comm'r*, 218 Mich App 351, 357; 554 NW2d 43 (1996). Thus, pursuant to MCL

---

the stated termination reasons, we will comply with those requirements.

500.3020(5); MSA 24.13020(5), defendant was required to include the warning about not operating an uninsured vehicle in its notice of cancellation. It is undisputed that the notice of cancellation that defendant sent to plaintiff did not contain the statutorily required warning.[5] However, the statute is silent with regard to the consequences when a cancellation notice does not include the mandatory warning.[6]

There appears to be no case law in Michigan directly on point regarding whether a timely notice of cancellation that omits the warning against driving an uninsured vehicle invalidates the entire cancellation notice. This Court did, however, touch on this issue when construing MCL 500.3020(1); MSA 24.13020(1) in *Blekkenk, supra.* In *Blekkenk,* the insured orally requested that his insurance agent cancel his insurance policy, but was thereafter injured in an automobile accident. *Id.* at 69. This Court held that the warning statement was not required where the insured, rather than the insurer, cancels the policy. *Id.* at 71. However, it is clear from its discussion of the issue that the *Blekkenk* panel recognized the mandatory nature of the requirement when the insurer cancels a policy.

---

[5] Defendant has provided no explanation for its failure to include the warning in the notice of cancellation.

[6] In contrast, the Legislature has specified that

no cancellation shall be effective unless a written notice of cancellation is mailed by certified mail, return receipt requested, to the insured at the last address known to the insurer either through its records, the personal records of the agent who wrote the policy, or as supplied by the insured. [MCL 500.3224(2); MSA 24.13224(2).]

Other jurisdictions have generally held that strict compliance by an insurer with a statute governing cancellation notices is essential to effect cancellation by such notices. See *Pearson v Nationwide Mut Ins Co*, 325 NC 246, 256; 382 SE2d 745 (1989). The statutory warning at issue in this case is intended to accompany the necessary ten-day notice of cancellation required by MCL 500.3020(1)(b); MSA 24.13020(1)(b), which is applicable when an insurer cancels the policy.[7] *Blekkenk, supra.* The required warning that the insured should not operate an uninsured vehicle encourages her to obtain replacement insurance within the ten-day period. The warning also serves a deterrent purpose by reminding the insured that she cannot drive without insurance. Cf. *Mong v Allstate Ins Co*, 15 AD2d 257; 223 NYS2d 218 (1962); *Crisp v State Farm Mut Ins Co*, 256 NC 408; 124 SE2d 149 (1962).[8]

Defendant contends that the warning is intended solely to protect third parties, namely, members of the public who may be injured in accidents involving uninsured motorists. We disagree. While the public undoubtedly benefits from a warning that deters unin-

---

[7] The requirement of a ten-day notice of cancellation serves the purpose of giving the insured time to obtain other insurance or, alternatively, "simply to order their affairs so that the risks of operating without insurance will not have to run." *Lease Car of America, Inc v Rahn*, 419 Mich 48, 54; 347 NW2d 444 (1984); *State Automobile Mut Ins Co v Babcock*, 54 Mich App 194; 220 NW2d 717 (1974).

[8] Michigan's warning provision is distinguishable from New York's and North Carolina's respective provisions because it does not require that the insured be notified of any criminal penalties, although it is noteworthy that the no-fault act provides for misdemeanor penalties for noncompliance in MCL 500.3102(2); MSA 24.13102(2).

sured individuals from driving, the clear language of the statute provides that the warning is to be given to the *insured*. Cf. *Allstate Ins Co v DAIIE*, 73 Mich App 112, 115-116; 251 NW2d 266 (1976). The logical conclusion, therefore, is that the Legislature intended the warning to benefit the recipients by reminding them that they should not operate uninsured vehicles.

Defendant also points out that plaintiff has admitted that she knew that it is illegal to drive a car that is uninsured. Defendant argues that requiring strict compliance with the warning requirement would lead to an absurdity because plaintiff was already aware of the information that the warning would have conveyed. However, nothing in MCL 500.3020(5); MSA 24.13020(5) relieves an insurer from its obligation to include the warning against driving an uninsured vehicle when its insured knows of the obligation to maintain insurance. Moreover, the fact of actual knowledge does not render the lack of notice harmless because one purpose of notice is to deter the operation of the automobile after the effective date of cancellation of insurance.[9]

Insurance laws and policies are to be liberally construed in favor of policyholders, creditors, and the public. *Blekkenk, supra* at 77; *Murphy v Seed-Roberts Agency, Inc*, 79 Mich App 1, 11; 261 NW2d 198 (1977).

---

[9] Furthermore, if we accepted defendant's argument, cases such as this will turn on what the insured actually knew, which often cannot be established through external evidence. In at least some instances, insureds would be faced with the difficult choice of lying about what they knew or losing their no-fault coverage. A more straightforward result is obtained simply by requiring insurers to comply with MCL 500.3020(5); MSA 24.13020(5).

Construing MCL 500.3020(5); MSA 24.13020(5) liberally, in favor of policyholders, and giving due regard to the deterrent purpose of the warning, we hold, as a matter of law, that defendant's failure to give the warning mandated by MCL 500.3020(5); MSA 24.13020 (5) renders its cancellation notice ineffective. Hence, we reverse the trial court's denial of summary disposition and remand for entry of judgment in favor of plaintiff.

Reversed and remanded for entry of judgment in favor of plaintiff. We do not retain jurisdiction.

HOEKSTRA, P.J., concurred.

O'CONNELL, J. (*concurring*.) I do not find the majority's resolution of this case to be unreasonable, especially because defendant failed to follow all of the statutory requirements for proper cancellation of plaintiff's insurance policy.[1]

I write separately to address my public policy concerns with the effect of MCL 500.3020(5); MSA 24.13020(5) under the facts of this case. Plaintiff concedes that the public policy behind the statutory notice requirements is to protect third parties from

---

[1] My reluctance to approve the majority's well-reasoned opinion stems from the jury determination that plaintiff received actual notice that her insurance was canceled and from plaintiff's admission that she knew that it was against the law to operate her motor vehicle without insurance. A long line of cases follows the reasoning in *Jones v Shafer Iron Co*, 96 Mich 98; 55 NW 684 (1893), in which the Supreme Court stated: "The question of notice or knowledge is one of fact for the jury. Actual knowledge, however acquired, dispenses with the necessity for notice." *Id.* at 99. In the present case, plaintiff knew that it was against the law to operate her vehicle without insurance, and the jury determined that she had actual notice of the cancellation. Applying a commonsense approach, these facts should be dispositive of this case.

uninsured and financially irresponsible motorists. The instant case involves a claim for first-party, no-fault benefits (not third-party) by an individual who knowingly allowed her insurance to lapse and then knowingly operated the uninsured vehicle. Although public policy may be properly served in protecting third parties from financially irresponsible motorists such as plaintiff, I do not see how public policy is served by applying the statute to benefit plaintiff herself. It has long been the policy of this state that "literal constructions that produce unreasonable and unjust results that are inconsistent with the purpose of the act should be avoided." *Rowell v Security Steel Processing Co*, 445 Mich 347, 354; 518 NW2d 409 (1994).

While I am troubled by both the public policy considerations in this case and plaintiff's being able to evade the consequences of her wrongdoing (knowingly driving an uninsured motor vehicle), I do not find either issue to be dispositive of this case. The central task before this Court is to resolve the dilemma of which of the two wrongdoers should be held accountable for the transgressions of both. Unless the Legislature amends the notice provision in question to provide a better solution to this dilemma, I am resigned to accept that the majority opinion properly reflects the current state of the law.