TRAVIS v PRESTON (ON REHEARING)

Docket No. 221756. Submitted February 7, 2001, at Grand Rapids. Decided August 21, 2001, at 9:00 A.M. Vacated by order entered January 22, 2002. Submitted on rehearing September 25, 2001, at Grand Rapids. Decided on rehearing January 22, 2002, at 9:00 A.M..

Pete and Edna Travis and Richard and Patricia Johnson brought an action in the Branch Circuit Court against Keith and Glenn Preston, seeking injunctive relief against odors from the defendants' hog farm, which is near the plaintiffs' residences, complies with generally accepted agricultural and management practice developed under the Right to Farm Act (RTFA), MCL 286.471 *et seq.*, and was started after the plaintiffs began living in their residences. The plaintiffs alleged that the hog farm violates an Algansee Township zoning ordinance that forbids obnoxious or dangerous fumes or odors beyond the lot on which the use generating the fumes or odors is located. The parties thereafter stipulated that the plaintiffs would not pursue injunctive relief and that the defendants would not construct any new buildings on their property. The court, Michael H. Cherry, J., after conducting a bench trial and visiting the site of the controversy five times without telling the parties of the visits beforehand, found the odors to be in violation of the ordinance and to have constituted a partial taking of the plaintiffs' properties, for which taking each plaintiff couple was awarded $29,000 in damages. The defendants appealed. The Court of Appeals, TALBOT, P.J., and SAWYER and MARKEY, JJ., reversed and remanded for a new trial before a different trial judge. 247 Mich App 190 (2001). Rehearing was granted on defendants' motion and the original opinion in this case was vacated. 249 Mich App 805.

On rehearing, the Court of Appeals *held*:

1. The RTFA is not a defense to the plaintiffs' action. Section 4 of the RTFA, MCL 286.474, as amended by 1999 PA 261 after this action was filed and decided, provides in subsection 6 that the RTFA preempts any local ordinance that purports to extend or revise in any manner the provisions of the RTFA or generally accepted agricultural and management practices developed under the RTFA. Subsection 4(8) of the amended RTFA puts the issue of odors from new and expanding livestock facilities in the hands of the agriculture commission. However, these amended subsections of the RTFA do

not apply retroactively to this case, given the absence of a clear expression by the Legislature that they are to apply retroactively. Section 4 of the RTFA, before amendment by 1999 PA 261 and as it applies to this case, provided that the RTFA did not affect the application of state statutes and federal statutes, and defined "state statutes" to include the township rural zoning act, MCL 125.271 *et seq.* Thus, the plaintiffs' action, which seeks enforcement of an ordinance promulgated pursuant to the township rural zoning act, is not barred by the RTFA.

2. The judgment in this case must be reversed because the trial court visited the scene of the controversy without any notice to the parties. Although the trial court had authority to conduct a view pursuant to MCR 2.513(B), it erred in conducting the view without notice to the parties. The trial court's judgment must be reversed and the matter must be remanded for further proceedings before a different judge to avoid substantial injustice to the defendants. MCR 2.613(A).

3. The trial court erred in awarding damages to the plaintiffs because the only remedy the trial court could impose under the township rural zoning act was abatement of the violation.

Reversed and remanded for further proceedings before a different trial judge.

1. AGRICULTURE — RIGHT TO FARM ACT — PREEMPTION OF LOCAL ORDINANCES.

Amendments of the Right to Farm Act providing for the preemption by the act of any local ordinance, regulation, or resolution that purports to extend or revise the provisions of the act or generally accepted agricultural and management practices developed under the act have prospective application from their March 10, 2000, effective date (MCL 286.474, as amended by 1999 PA 261).

2. AGRICULTURE — RIGHT TO FARM ACT — TOWNSHIP RURAL ZONING ACT.

An action for the enforcement of a township ordinance promulgated pursuant to the township rural zoning act and concerning a generally accepted agricultural or management practice developed under the Right to Farm Act is not barred by the Right to Farm Act where the action predates amendments of the Right to Farm Act effective March 10, 2000, that provide for the preemption of local ordinances, regulations, or resolutions that purport to extend or revise the provisions of the Right to Farm Act or generally accepted agricultural and management practices developed under the Right to Farm Act; the only remedy that a trial court can order for such a violation is abatement of the violation. (MCL 125.271[1], 125.294, 286.474).

*Stevens & Hayes* (by *Joseph W. Hayes*), for the plaintiffs.

*Biringer, Hutchinson, Van Doren, Lillis & Bappert, P.C.* (by *John D. Hutchinson*), for the defendants.

Amicus Curiae:

*D. Haywood & Associates, P.C.* (by *David J. Haywood* and *Mark A. Cooley*), for Michigan Farm Bureau.

ON REHEARING

Before: TALBOT, P.J. and SAWYER and MARKEY, JJ.

MARKEY, J. In this case regarding alleged odors and fumes emanating from defendants Keith and Glenn Preston's hog-farming operation, Preston Farms, defendants appeal by right the trial court's order of judgment, entered after a bench trial, awarding plaintiffs Pete and Edna Travis $29,000 in damages and plaintiffs Richard and Patricia Johnson $29,000 in damages. We reverse and remand.

After defendants began a hog-farming operation in 1996, plaintiffs, who lived near the hog farm, filed this action for nuisance and injunctive relief against defendants. Plaintiffs alleged that they had resided at their residences before the hog-farming operation began and that the hog-farming operation generated obnoxious and offensive odors that made their residences uninhabitable, reduced the value of their homes, and deprived them of the peaceful use and enjoyment of their homes. Plaintiffs alleged that the hog farm violated the zoning permit and Michigan

law, constituted a nuisance entitling plaintiffs to damages and injunctive relief, and violated the local township zoning ordinance.

The township ordinance in question provided:

> *Control of Heat, Glare, Fumes, Dust, Noise, Vibrations and Odors.* Every use shall be so conducted and operated that it is not obnoxious or dangerous by reason of heat, glare, fumes, odors, dust, noise or vibration beyond the lot on which the use is located. [Algansee Township Zoning Ordinance, § 11.06.]

Thereafter, the parties stipulated that plaintiffs would not pursue any injunctive relief, and defendants agreed not to construct any new buildings on their property. Defendants moved for summary disposition, arguing that the Michigan Right to Farm Act (RTFA), MCL 286.471 *et seq.*, barred any nuisance action against defendants. Although the trial court initially denied the motion, it appears that after defendants renewed the motion, the trial court dismissed all theories that formed the basis for plaintiffs' complaint except that the farm operation violated the township ordinance. The trial court concluded that a township has the authority to promulgate ordinances that restrict the effect of the RTFA.

After a bench trial, the court decided whether the township ordinance had been violated. Various witnesses testified regarding the hog farm operation, its odors, and its effect on plaintiffs' residences. At the conclusion of the trial, the court reiterated its position that the RTFA did not supersede the authority of local zoning ordinances and found that defendants had violated the township ordinance. The court concluded that plaintiffs had standing to initiate a private action to enforce the township ordinance and that

there was clear and convincing evidence that the odors emanating from defendants' hog farm were sometimes obnoxious and offensive. While rendering the court's opinion, the trial judge also revealed to the parties for the first time that he had visited the area of the hog farm and plaintiffs' residences on five separate occasions to personally investigate the odor. The court viewed the nuisance caused by the odors of the hog farm operation as a "partial taking of [plaintiffs'] right to a peaceful enjoyment of their property and not as a mere diminution in their property values" and thereafter awarded $29,000 to plaintiffs Pete and Edna Travis and $29,000 to plaintiffs Richard and Patricia Johnson.

Defendants first argue that the trial court should have dismissed plaintiffs' action because the RTFA is a defense to plaintiffs' action and prohibits nuisance suits. In addressing this issue, we must first decide whether a recent amendment of the RTFA should be applied retroactively.[1] Statutory interpretation is a question of law that is reviewed de novo on appeal. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998).

The RTFA was implemented to protect farmers from nuisance lawsuits. *Belvidere Twp v Heinze*, 241 Mich App 324, 331; 615 NW2d 250 (2000). Under the RTFA, a farm or farming operation cannot be found to be a

---

[1] In *Belvidere Twp v Heinze*, 241 Mich App 324, 331-332; 615 NW2d 250 (2000), this Court recently recognized the amended statutory language of MCL 286.474(6), but rather than deciding whether the amended statute should be applied retroactively in that case, this Court remanded the matter to the trial court "for reconsideration in light of the amended RTFA." Thus, the *Belvidere* decision provides no guidance for our decision regarding the retroactivity issue.

nuisance if it meets certain criteria, such as conforming to "generally accepted agricultural management practices." MCL 286.473(1); *Belvidere, supra.* Specifically, § 3 of the RTFA, MCL 286.473, provides:

> (1) A farm or farm operation shall not be found to be a public or private nuisance if the farm or farm operation alleged to be a nuisance conforms to generally accepted agricultural and management practices according to policy determined by the Michigan commission of agriculture. Generally accepted agricultural and management practices shall be reviewed annually by the Michigan commission of agriculture and revised as considered necessary.
>
> (2) A farm or farm operation shall not be found to be a public or private nuisance if the farm or farm operation existed before a change in the land use or occupancy of land within 1 mile of the boundaries of the farm land, and if before that change in land use or occupancy of land, the farm or farm operation would not have been a nuisance.

There is no dispute in this case that defendants complied with "generally accepted agricultural and management practices."

At the time this action was filed and decided, the RTFA did not exempt farming operations from applicable federal, state, and local laws, including local zoning ordinances such as the one at issue in this case. MCL 286.474. Thus, although a farming operation was otherwise protected from nuisance lawsuits pursuant to MCL 286.473, it could be found to be in violation of local zoning laws. *Belvidere, supra.* At the time this action was filed and decided, § 4 of the RTFA, MCL 286.474, stated:

> (1) This act does not affect the application of state statutes and federal statutes.
>
> (2) For purposes of this section, "state statutes" includes, but is not limited to, any of the following:

*      *      *

(b) The township rural zoning act, Act No. 184 of the Public Acts of 1943, being sections 125.271 to 125.301 of the Michigan Compiled Laws.

However, MCL 286.474 was amended by 1999 PA 261, effective March 10, 2000, to provide:

(5) Except as provided in subsection (6), this act does not affect the application of state statutes and federal statutes.

(6) Beginning June 1, 2000, except as otherwise provided in this section, it is the express legislative intent that this act preempt any local ordinance, regulation, or resolution that purports to extend or revise in any manner the provisions of this act or generally accepted agricultural and management practices developed under this act. Except as otherwise provided in this section, a local unit of government shall not enact, maintain, or enforce an ordinance, regulation, or resolution that conflicts in any manner with this act or generally accepted agricultural and management practices developed under this act.

(7) A local unit of government may submit to the director a proposed ordinance prescribing standards different from those contained in generally accepted agricultural and management practices if adverse effects on the environment or public health will exist within the local unit of government . . . .

(8) By May 1, 2000, the commission shall issue proposed generally accepted agricultural and management practices for site selection and odor controls at new and expanding animal livestock facilities. The commission shall adopt such generally accepted agricultural and management practices by June 1, 2000.

The revised statutory language of MCL 286.474 clearly puts the issue of farm odors directly in the hands of the commission of agriculture and requires the commission to seriously address farm odors pursuant to

subsection 8. Before the amendment, the RTFA was silent regarding any specific directive relating to farm odors.

In determining whether a statute should be applied retroactively or prospectively, the intent of the Legislature controls. *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583; 624 NW2d 180 (2001), quoting *Franks v White Pine Copper Division*, 422 Mich 636, 670; 375 NW2d 715 (1985). "Moreover, 'statutes are presumed to operate prospectively unless the contrary intent is clearly manifested.' " *Lynch, supra* at 583, quoting *Franks, supra* at 671. However, the general rule of prospectivity does not apply to statutes or amendments that are remedial or procedural, i.e., designed to correct an existing oversight in the law or redress an existing grievance, or are intended to reform or extend existing rights. *Macomb Co Professional Deputies Ass'n v Macomb Co*, 182 Mich App 724, 730; 452 NW2d 902 (1990). There is a "strong presumption against the retroactive application of statutes in the absence of a clear expression by the Legislature that the act be so applied." *Lynch, supra* at 588.

Because there is an "absence of a clear expression by the Legislature" that the amended language of MCL 286.474(6) be retroactively applied, we conclude that the statute should not be applied retroactively.[2]

---

[2] We note that according to the legislative analyses written on 1999 PA 261, see, e.g., House Legislative Analysis, SB 205 (First Analysis), October 28, 1999, and Senate Fiscal Agency Analysis, SB 205 (Revised First Analysis), December 16, 1999, it appears that the amended statutory language could be characterized in a sense as "remedial" because the amended statutory language may have been designed to correct an existing oversight in the law. However, our Supreme Court in *Lynch, supra* at 587, recently stated that "legislative analysis is a feeble indicator of legislative intent and is therefore a generally unpersuasive tool of statutory construction."

*Lynch, supra.* There is nothing in the language of the RTFA suggesting a legislative intent that MCL 286.474(6) be retroactively applied. For example, the Legislature included no express language regarding retroactivity. *Lynch, supra* at 584. In fact, the amended language of MCL 286.474(6) explicitly states that the RTFA will preempt any local ordinance extending, revising, or conflicting with the act "[b]eginning June 1, 2000." Consequently, we can only conclude that the amended RTFA cannot be retro-actively applied to the case at hand.

Having concluded that the amended statutory language contained in MCL 286.474(6) is inapplicable in this matter, we must next decide whether the statute as previously written allows plaintiffs to pursue this lawsuit. On the basis of this Court's prior decisions regarding this issue, we conclude that it does. In analyzing the statutory language of MCL 286.474 as it appeared before it was amended by 1999 PA 261, this Court previously held on the basis of the prior statutory language that the RTFA is not a defense to an action filed to enforce a zoning ordinance. See, e.g., *Belvidere, supra*; *City of Troy v Papadelis (On Remand)*, 226 Mich App 90, 96; 572 NW2d 246 (1997). Although these prior cases involved lawsuits brought by a township or a city rather than private citizens, we agree with the trial court that instant plaintiffs had standing to pursue this action because the injury plaintiffs suffered as private citizens was of a "special character distinct and different from the injury suffered by the public generally" in that the odors affected only the residences located near defendants' hog-farming operation and not the community. *Towne v Harr*, 185 Mich App 230, 232; 460 NW2d 596 (1990). Further, although defendants assert that only zoning

ordinances that do not impinge on farming operations are exempted under MCL 286.474, the clear language of the statute does not make any reference to such a distinction.[3] See *Rose Hill Center, Inc v Holly Twp*, 224 Mich App 28, 32; 568 NW2d 332 (1997) (courts must apply the statute as written if the language is clear).

Defendants also assert that the odor provision of the local zoning ordinance at issue is not authorized by the zoning enabling acts as referenced in MCL 286.474. This argument is without merit. As previously stated, for purposes of MCL 286.474, a state statute includes the township rural zoning act, MCL 125.271-125.301. MCL 286.474(2)(b). MCL 125.271(1) of the township rural zoning act provides, in relevant part:

> The township board of an organized township in this state may provide by zoning ordinance for the regulation of land development and the establishment of districts in the portions of the township outside the limits of cities and villages which regulate the use of land and structures; . . . to facilitate adequate and efficient provision for transportation systems, sewage disposal, water, energy, education, recreation, and other public service and facility requirements; and to promote public health, safety, and welfare.

Thus, MCL 125.271(1) clearly authorizes the township ordinance at issue in the present case.

Defendants also argue that the judgment in this case must be reversed because the trial court improp-

---

[3] Although we recognize that, in effect, there is no difference between the township ordinance violation relating to obnoxious odors and a nuisance claim based on the same obnoxious odors, the statutory language of MCL 286.474 before it was amended by 1999 PA 261 specifically granted an exception for the township rural zoning act, which allows the local ordinance in question.

erly visited the scene of the controversy on five separate occasions without any notice to the parties and without the parties' knowledge. Although defendants failed to object or move for a new trial after the trial court revealed that it had visited the scene of the dispute, we will nevertheless review this issue in the interest of justice. *People v Hanna*, 85 Mich App 516, 519, n 5; 271 NW2d 299 (1978); *People v Eglar*, 19 Mich App 563, 565-566; 173 NW2d 5 (1969).

In rendering its opinion at the conclusion of the bench trial, the court stated:

> [O]n five separate occasions before and after the trial, the Court visited the site to determine whether any odor was present near the Plaintiffs' homes. On one occasion, there was no odor at all. Two times the odor was barely noticeable until very close to the containment buildings. The two other times near the Plaintiffs' properties the odor was very strong. Clearly it was obnoxious and offensive, and by any reasonable perception highly objectionable, disagreeable, displeasing, and distasteful.

Further, in response to defendants' questions regarding the court's visits to the scene of the dispute, the trial court stated:

> I visited the sites about the week before—the site approximately a week before the hearing, four times since, once the night of the last day of the hearing in June and as recently as last evening.

Moreover, the trial court stated:

> By plaintiffs' testimony, that of their witnesses and the *court's observations* in the courtroom, *at the site*, this court concludes, not by mere preponderance of the evidence but by clear and convincing evidence, that those odors are sometimes are [sic] both obnoxious and offensive and there

is no doubt that they're highly objectionable, disagreeable, displeasing and distasteful. [Emphasis added.]

MCR 2.513(B) provides that "[o]n application of either party or on its own initiative, the court sitting as trier of fact without a jury may view property or a place where a material event occurred." In *Eglar*, *supra* at 565, this Court addressed the issue of a trial judge conducting a view of a scene without knowledge of the parties in a bench trial. This Court expressed concern about the trial court's observations and the context of those observations. *Id.* For example, this Court stated that the trial judge may have viewed an incorrect location and that the parties' lack of presence at the judge's viewing may have hindered the parties' decisions whether to offer additional proofs at trial. *Id.* In reversing the defendant's conviction and remanding for a new trial, this Court stated that the trial judge erred in viewing the premises without giving the defendant and counsel for both parties an opportunity to be present with him. *Id.*; see, also, *Vanden Bosch v Consumers Power Co*, 56 Mich App 543, 556-557; 224 NW2d 900 (1974), rev'd on other grounds 394 Mich 428; 230 NW2d 271 (1975) ("An unauthorized view by the finder of fact is misconduct").

Although the trial court had authority to conduct a view pursuant to MCR 2.513(B), we conclude that a reversal and remand for further proceedings are necessary to avoid a substantial injustice to defendants. MCR 2.613(A). We base this conclusion on the trial court's own statement that it relied on the observations made during the five visits in rendering its decision, and because it was error to conduct the view without the parties' knowledge. The trial court's per-

sonal observations irreparably tainted the trial and judgment. The trial court was not merely clarifying its understanding of undisputed facts, cf. *Toussaint v Conta*, 292 Mich 366, 369-370; 290 NW 830 (1940), but was instead making an independent investigation and observation regarding the strength of the odors coming from defendants' farm. We further note that the trial court viewed the scene during a time when damages could not be awarded because of a stipulation by the parties. In reversing and remanding this case, we remand to a different judge because a proceeding before a different trier of fact is the only way to definitively prevent any claims that the trial court relied on its prior personal knowledge in rendering a new decision. *Feaheny v Caldwell*, 175 Mich App 291, 309-310; 437 NW2d 358 (1989) (this Court may remand a case to a different judge if the original judge would have difficulty discarding previously expressed views or findings and reassignment is advisable to preserve the appearance of justice).

Because we conclude that further proceedings are warranted in this case, we also must address an issue that may arise again: What are the available remedies? In this case, the trial court awarded monetary damages to plaintiffs because it viewed the nuisance caused by the odors of the hog farm operation as a "partial taking of [plaintiffs'] right to a peaceful enjoyment of their property and not as a mere diminution in their property values." We conclude that the trial court's award of monetary damages was not an available remedy under the township rural zoning act.

A distinction must be made between an action to abate a nuisance and an action seeking damages for the nuisance. In previously stating that plaintiffs had standing to pursue this action, we relied on this

Court's decision in *Towne, supra. Towne* involved only the issue of standing for a private citizen to abate a nuisance under MCL 125.294. MCL 125.294 of the township rural zoning act provides for an abatement of a nuisance by the court. Specifically, MCL 125.294 provides:

> A use of land, or a dwelling, building, or structure including a tent or trailer coach, used, erected, altered, razed, or converted in violation of a local ordinance or regulation adopted pursuant to this act is a nuisance per se. The court shall order the nuisance abated and the owner or agent in charge of the dwelling, building, structure, tent, trailer coach, or land is liable for maintaining a nuisance per se. The township board shall in the ordinance enacted under this act designate the proper official or officials who shall administer and enforce that ordinance and do either of the following for each violation of the ordinance:
>
> (a) Impose a penalty for the violation.
>
> (b) Designate the violation as a municipal civil infraction and impose a civil fine for the violation.

In the present case, pursuant to an agreement between the parties, plaintiffs were not seeking to abate the nuisance. The parties stipulated and an order was entered that plaintiffs would not seek to abate the operation of the hog farm, and defendants, in return, agreed to forgo any potential claim against plaintiffs for monetary damages. We recognize that damages for a nuisance can be recovered for a diminution of the value of property or on the basis of a claim that the nuisance was of such an extent as to prevent the use of a home. *Kobs v Zehnder*, 326 Mich 202, 207; 40 NW2d 120 (1949). However, the RTFA, and specifically the version of MCL 286.474 that was in effect at the time this action was filed and decided, subjected the rights of farmers under the RTFA to the

township rural zoning act. The township rural zoning act, pursuant to MCL 125.294, allows the court to abate a nuisance and no more. Only the township board through its designated official is allowed to impose a penalty or a civil fine.

In conclusion, we provide the following guidance to the trial court on remand. Absent a valid, legal reason for setting aside the stipulation and order entered by the trial court, the agreement between the parties appears to preclude plaintiffs from now seeking abatement. However, any such determination is not before this Court and if undertaken, at all, must be brought before and heard by the trial judge to whom this matter is reassigned on remand. If the trial court determines that the stipulation and order should be set aside, then a new trial should be held to determine if the local ordinance was violated. If it is determined that the local ordinance in this case was violated, thus establishing a nuisance per se, the court shall[4] order that the nuisance be abated pursuant to MCL 125.294, because abatement of the nuisance is the only remedy the statute makes available to the court. See *Towne, supra* at 231-232. If the trial court determines that the stipulation and order were properly entered, the need for a new trial would be moot. If plaintiffs do not move to set aside the stipulation and order, it would appear that an order of dismissal pursuant to MCR 2.504 should enter.

In light of our resolution of the above issues, we need not address the issue regarding whether plain-

---

[4] The word "shall" is used to designate a mandatory duty or requirement. *Depyper v Safeco Ins Co of America*, 232 Mich App 433, 438; 591 NW2d 344 (1998).

tiffs established a violation of the township ordinance.

We reverse and remand for further proceedings before a different trial judge. We do not retain jurisdiction.