ROBINSON v GENERAL MOTORS CORPORATION

Docket No. 215664. Submitted August 1, 2000, at Detroit. Decided August 25, 2000, at 9:00 A.M.

Robert Robinson, a General Motors Corporation (GM) employee who is certified as vocationally disabled, sought worker's compensation benefits for a work-related injury that occurred on April 8, 1992. Robinson and GM eventually entered into a voluntary payment agreement and on April 22, 1993, GM wrote to the Second Injury Fund requesting reimbursement pursuant to MCL 418.921; MSA 17.237(921). The fund rejected the request, and GM sought relief from the Bureau of Worker's Disability Compensation. The Worker's Compensation Appellate Commission (WCAC) dismissed the fund as a party in the action on the basis of GM's failure to comply with the notice provision of MCL 418.925(1); MSA 17.237(925)(1). GM appealed by leave granted.

The Court of Appeals *held*:

The WCAC properly determined that the fund should be dismissed as a result of GM's failure to comply with the statutory notice provision. The statute contains a mandatory notice requirement for employers to follow. The sanction of dismissal for failure to follow the notice provision is necessarily implied from the statute.

Affirmed.

WORKER'S COMPENSATION — VOCATIONALLY DISABLED PERSONS — SECOND INJURY FUND.

The notice provision of MCL 418.925(1); MSA 17.237(925)(1) provides a mandatory notice requirement for employers to follow to notify the Second Injury Fund of the fund's potential liability for payment of worker's compensation benefits to a vocationally disabled employee who suffers a work-related injury; in an action by the employer for reimbursement from the fund, the fund may be dismissed on the basis of the employer's failure to follow the mandatory notice requirement (MCL 418.921; MSA 17.237[921]).

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for General Motors Corporation.

*Jennifer M. Granholm*, Attorney General, *Thomas
L. Casey*, Solicitor General, and *Morrison Zack*,
Assistant Attorney General, for the Second Injury
Fund.

Before: OWENS, P.J., and JANSEN and R. B. BURNS*, JJ.

PER CURIAM. Defendant General Motors Corporation
(GM) appeals by leave granted from an order of the
Worker's Compensation Appellate Commission (WCAC)
dismissing the Second Injury Fund (the fund) as a
party in this action because of GM's failure to comply
with the notice provision of MCL 418.925(1); MSA
17.237(925)(1). We affirm.

### I. FACTS AND PROCEEDINGS

Plaintiff, a GM employee certified as vocationally
disabled, MCL 418.901(a); MSA 17.237(901)(a), was
injured on April 8, 1992, and sought worker's disabil-
ity compensation on September 30, 1992. GM received
the claim on November 19, 1992, and disputed it.
However, on March 11, 1993, plaintiff and GM entered
into a voluntary payment agreement. On April 22,
1993, GM wrote the fund describing its voluntary pay-
ment agreement with plaintiff and requesting reim-
bursement under the provisions of MCL 418.921;
MSA 17.237(921), which provide, in pertinent part:

> A person certified as vocationally disabled who receives
> a personal injury arising out of and in the course of his
> employment and resulting in death or disability, shall be
> paid compensation in the manner and to the extent pro-
> vided in this act . . . . The liability of the employer for pay-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

ment of compensation, for furnishing medical care or for payment of expenses of the employee's last illness and burial as provided in this act shall be limited to those benefits accruing during the period of 52 weeks after the date of injury. Thereafter, all compensation and the cost of all medical care and expenses of the employee's last sickness and burial shall be the liability of the fund.

The fund rejected GM's request. In August 1993, GM filed an application for mediation or a hearing with the Bureau of Worker's Disability Compensation and sought to add the fund as a party defendant. The fund denied responsibility and moved to dismiss GM's application. The fund argued that it was not a proper party in the action because GM did not properly notify the fund of its potential liability in accordance with subsection 925(1)[1]. While the magistrate rejected this argument and denied the fund's motion, the WCAC reversed this decision and dismissed the fund as a party to the action on the basis of GM's failure to comply with subsection 925(1)[2]. The WCAC found that the plain language of the statute required GM to provide notice within a certain time frame and that the statute's failure to provide sanctions was of little import. GM filed an application with this Court for leave to appeal, and we granted leave.

---

[1] The fund also raised an issue regarding the validity of plaintiff's vocational disability certification status. However, this Court's order granting GM's application for leave to appeal was limited to the notice issue, so the status of plaintiff's certification is not at issue in this appeal.

[2] Another basis of the WCAC's decision was that GM failed to comply with MCL 418.931(1); MSA 17.237(931)(1). Again, since this Court's order was limited to the notice question, this is not an issue in this appeal.

This Court has the power to review questions of law involved in any final order of the WCAC. *Tyler v Livonia Public Schools*, 459 Mich 382, 388; 590 NW2d 560 (1999). We review legal issues de novo, according great weight to the administrative interpretation of the statute unless that interpretation is clearly wrong. *Id.*

This case concerns the consequences of an employer's failure to give notice to the fund during the time prescribed by subsection 925(1) of the Worker's Disability Compensation Act where that provision is silent with regard to the matter of consequences. The cardinal rule of statutory construction is to discern and give effect to the intent of the Legislature. *Drouillard v Stroh Brewery Co*, 449 Mich 293, 302; 536 NW2d 530 (1995). We conclude that the WCAC properly determined that the fund should be dismissed from the suit given GM's failure to comply with the statute. A plain reading of the statute reveals that the Legislature promulgated a mandatory notice requirement for employers to follow:

> When a vocationally disabled person receives a personal injury, the procedure and practice provided in this act applies to all proceedings under this chapter, except where specifically otherwise provided herein. Not less than 90 nor more than 150 days before the expiration of 52 weeks after the date of injury, the carrier *shall* notify the fund whether it is likely that compensation may be payable beyond a period of 52 weeks after the date of injury. The fund, thereafter, may review, at reasonable times, such information as the carrier has regarding the accident, and the nature and

> extent of the injury and disability. [MCL 418.925(1); MSA 17.237(925)(1) (emphasis added).]

The use of the word "shall" connotes a mandatory duty. *Depyper v Safeco Ins Co of America*, 232 Mich App 433, 438; 591 NW2d 344 (1998). Moreover, we believe that the sanction of dismissal is necessarily implied from the statute. *McAvoy v H B Sherman Co*, 401 Mich 419, 460; 258 NW2d 414 (1977). Were it not, employers would be free to ignore the statutory requirements without fear of adverse consequences.

Moreover, we note that, under the statute, the fund was entitled to review information regarding the accident and the nature and extent of the injury and disability. Presumably, if the employer fails to give notice or gives tardy notice of the fund's impending obligation, then the time during which the fund can review the carrier's information regarding the employee's accident, injury, and disability is shortened.

In short, although subsection 925(1) is silent regarding the consequences of an employer's failure to give notice to the fund during the period prescribed by the statute, the WCAC properly construed the statute to find that dismissal of the fund as a party from this case was proper.

Affirmed.