VALENCIC v TPM, INC

Docket No. 232051. Submitted November 8, 2001, at Lansing. Decided
     December 7, 2001, at 9:10 A.M. Leave to appeal sought.
     Michael J. Valencic, a certified vocationally disabled employee, was
         diagnosed in 1992 with carpal tunnel syndrome arising out of and
         in the course of his employment with TPM, Inc. While the plaintiff
         was off work because of that injury, TPM, through Continental Cas-
         ualty Company, voluntarily paid worker's disability compensation
         benefits. The plaintiff returned to work, but later suffered recurrent
         complications that ultimately led in 1994 to the plaintiff's being no
         longer able to work. TPM, through Continental Casualty, again vol-
         untarily paid worker's disability compensation benefits to the plain-
         tiff. In 1998, the plaintiff filed a petition with the Bureau of
         Worker's Disability Compensation that sought an upward adjust-
         ment in benefits and that alleged injury dates of June 1992 and
         June 1994. When, during the course of the proceedings regarding
         the petition, Continental Casualty determined that it had not been
         TPM's worker's disability compensation carrier with respect to the
         plaintiff after September 15, 1992, it sought reimbursement from
         Accident Fund Company, TPM's new carrier, and sought to join the
         Second Injury Fund (SIF) on the basis of the SIF's statutory liability
         under MCL 418.921. The hearing officer found an injury date of
         June 7, 1994, ordered Accident Fund to pay wage-loss benefits to
         the plaintiff and to reimburse Continental Casualty for the benefits
         that it had paid to the plaintiff after September 15, 1992, and dis-
         missed the SIF from the proceedings on the bases that the original
         certification of the plaintiff as a vocationally disabled employee
         had listed West Highland Limited Housing Association, rather than
         TPM, as the plaintiff's employer and that the SIF had not been given
         timely notice of the plaintiff's injury and its potential liability. TPM
         and Accident Fund appealed to the Worker's Compensation Appel-
         late Commission, which affirmed the injury date and award of ben-
         efits, but reversed the hearing officer's decision regarding the SIF's
         liability. The WCAC held that the listing of West Highland as the
         plaintiff's employer on the certification form was inadvertent and
         did not prejudice the rights of the SIF and that the failure to give
         the SIF timely notice of its potential liability in accordance with the
         requirements of MCL 418.925(1) was not fatal to a claim seeking

reimbursement from the SIF and ordered the SIF to reimburse Continental Casualty and Accident Fund for benefits paid after the first fifty-two weeks. The SIF appealed by leave granted.

The Court of Appeals *held*:

1. MCL 418.921 provides that an employer who employs a certified vocationally disabled employee is liable for the payment of worker's disability compensation benefits only for the first fifty-two weeks after the date of an injury, with the SIF being liable thereafter, provided that the employer has filed the certification form required by MCL 418.911. Although the plaintiff was an employee of TPM, the certification form that was submitted listed as the plaintiff's employer West Highland Limited Housing Association, a housing project that TPM was running pursuant to a management contract and at which the plaintiff performed his work.

2. The WCAC found that the names West Highland and TPM had been used interchangeably and that, because the names had been used interchangeably and there was no evidence that the SIF was not denied the opportunity to protect its interests as a result of the failure to list TPM as the plaintiff's employer, the mistaken listing of West Highland as the plaintiff's employer did not relieve the SIF of its liability for payment of benefits pursuant to MCL 418.921.

3. Although the filing of a certification form under MCL 418.911 is mandatory, there is no authority to support a determination that the WCAC erred as a matter of law in its holding that, under the circumstances of this case, the mistake on the certification form did not relieve the SIF of its liability pursuant to MCL 418.921.

4. MCL 418.925(1) requires that a carrier notify the SIF of its potential liability for the payment of the benefits of a vocationally disabled employee not less than ninety days before the expiration of the fifty-two-week period after the date of the employee's injury. The hearing officer held that the failure of Accident Fund, the carrier with respect to the 1994 injury, to give such timely notice to the SIF relieved the SIF of liability for payment of those benefits, notwithstanding that the carrier was unaware of its liability for the 1994 injury until 1998. The WCAC reversed, holding that because the carrier was unaware of the plaintiff's claim for benefits until after the statutory notice period had expired, the carrier's failure to give notice in accordance with MCL 418.925(1) did not preclude the imposition of liability on the SIF. The WCAC also appeared to hold that, under the circumstances of this case, the proceedings were controlled by MCL 418.931(1), which allows joinder of the SIF where a vocationally disabled employee has raised a dispute or controversy regarding the payment of benefits or liability for such payment.

5. The notice requirement of MCL 418.925(1) is mandatory, and the failure to comply with that requirement precludes the imposition of liability on the SIF. Because it is undisputed that notice was not given in accordance with time requirements of MCL 418.925(1), the WCAC erred as a matter in law in holding that the SIF was liable under the facts of this case. Further, the WCAC erred as a matter of law in suggesting that this case was controlled by the provisions of MCL 418.931(1) rather than the notice requirements of MCL 418.925(1).

Reversed and remanded.

WORKER'S COMPENSATION — VOCATIONALLY DISABLED EMPLOYEES — SECOND INJURY FUND — NOTICE.

The notice requirement of subsection 1 of § 925 of the Worker's Disability Compensation Act is mandatory; the failure of a carrier to comply with the temporal notice requirement of that subsection precludes the imposition on the Second Injury Fund of liability for the payment of benefits of a vocationally disabled employee, even where the carrier does not become aware of its obligation to notify the Second Injury Fund until after the notification period has expired (MCL 418.925[1]).

*Butch, Quinn, Rosemurgy, Jardis, Bush, Burkhart & Parks, P.C.* (by *Terrill S. Jardis*), for Continental Casualty Company and TPM, Inc.

*Richard R. Weiser,* for Accident Fund Company and TPM, Inc.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Victoria A. Keating,* Assistant Attorney General, for the Second Injury Fund.

Before: FITZGERALD, P.J., and HOEKSTRA and MARKEY, JJ.

PER CURIAM. Appellant, the Second Injury Fund (SIF), appeals by leave granted the reversal by the Worker's Compensation Appellate Commission of a magistrate's dismissal of the SIF from the proceedings below. We reverse and remand.

Plaintiff was a certified vocationally disabled employee hired by TPM, Inc., in 1991 as a maintenance worker. TPM was the management company running a housing project known as West Highland Limited Housing Association. In 1992, plaintiff was diagnosed with and underwent surgery for carpal tunnel syndrome. While plaintiff was off work, TPM, through its carrier, Continental Casualty Company, voluntarily paid worker's compensation benefits to plaintiff.

Plaintiff returned to work in January 1993, but suffered recurrent carpal tunnel syndrome complications. As a result, in June 1994, plaintiff was no longer able to work. TPM, through Continental Casualty, continued to voluntarily pay benefits to plaintiff.

In 1998, plaintiff filed the instant petition seeking an upward adjustment in the amount of benefits he was receiving. Plaintiff alleged two injury dates, June 1992 and June 1994. During the course of the proceedings below, it was determined that another insurance company, Accident Fund Company, not Continental Casualty, was TPM's carrier after September 15, 1992. As a result, Continental Casualty sought reimbursement from Accident Fund for benefits it paid plaintiff after that date. Continental Casualty also sought to join the SIF in the matter. Pursuant to MCL 418.921, an employer who employs a certified vocationally disabled employee is liable for benefits accruing during the first fifty-two weeks after the injury, and, as long as specified certification and notice requirements are met, the SIF is liable for benefits after the first fifty-two weeks.

The magistrate found an injury date of June 7, 1994. Accident Fund was ordered to pay wage-loss benefits

to plaintiff and to reimburse Continental Casualty for the benefits it paid to plaintiff after September 15, 1992. In addition, the magistrate dismissed the SIF from the action because the certification sent to the SIF upon plaintiff's hire listed West Highland, not TPM, as plaintiff's employer and because the SIF was not timely notified of plaintiff's injury and the SIF's potential liability.

The magistrate's decision was appealed to the WCAC. The WCAC affirmed the injury date and award of benefits, but reversed the magistrate's decision regarding the SIF's liability. According to the WCAC, the error on the certification form sent to the SIF upon plaintiff's hire was inadvertent and did not prejudice the SIF, and the failure to timely notify the SIF of its potential liability was not fatal to a claim for reimbursement. As a result, the WCAC ordered the SIF to reimburse Continental Casualty and Accident Fund for benefits paid after the first fifty-two weeks. The SIF sought leave to appeal the WCAC's decision. We granted leave.

First, the SIF claims that the WCAC's decision is incorrect because TPM failed to comply with the certification requirement of MCL 418.911. We disagree.

As mentioned, pursuant to MCL 418.921, an employer who employs a certified vocationally disabled employee is liable for benefits accruing during the fifty-two weeks after the date of a personal injury suffered by such an employee where that injury arises out of, and in the course of, the employment. After the first fifty-two weeks, the SIF is liable. However, under MCL 418.911, if the employer does not file certification forms with the SIF upon the commencement of employment of a certified vocationally disabled

employee or before an injury occurs, the employer is precluded from the protection of MCL 418.921.

In the case at bar, there is no dispute that plaintiff is a certified vocationally disabled employee. The issue is whether plaintiff's employer complied with the requirement of filing the certification forms.

Upon hiring plaintiff, a certification form was submitted. However, the employer on the form was listed as West Highland, not TPM. The magistrate concluded that this fact precluded the SIF from liability. However, the WCAC reversed this finding. According to the WCAC:

> In this case the failure to list the correct employer was an inadvertent error, with neither any intent to deceive or prejudice the fund nor with any resulting actual prejudice. First, the employer representative Ms. Anzalone, testified that the names were used interchangeably. Second, communication directed to Ms. Anzalone at West Highland was received and processed. Third, there is no claim nor any evidence in support of the notion that plaintiff would not have been certified had the proper employer been listed. Fourth, the fund became a participant in the proceedings and was fully able to protect its interests on the questions of work-related injury and disability. Thus, we reverse the determination of the magistrate that the fund was not liable for reimbursement of benefits pursuant to section 921.

The WCAC's finding that the names West Highland and TPM were used interchangeably was one of fact and is supported by the record. As a result, that finding is conclusive. See *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 701; 614 NW2d 607 (2000).

The question then becomes whether, even assuming the names are used interchangeably, the mistake renders the filing of the certification form ineffective as a matter of law and precludes the SIF from becom-

ing liable for the payment of plaintiff's benefits. We answer that question in the negative.

The SIF cites *Robinson v General Motors Corp*, 242 Mich App 331; 619 NW2d 411 (2000), in support of its claim. However, *Robinson* is of little value in this regard because it deals with notice under MCL 418.925(1), not MCL 418.911.

The SIF cites the case, by analogy, for the proposition that the certification forms are mandatory. We agree that the certification forms are mandatory. However, the precise issue presented here is whether the certification form that was submitted in the instant case was sufficient to satisfy that mandatory requirement. *Robinson* offers no assistance in the resolution of this issue. In our opinion, in light of the fact that the names West Highland and TPM are used interchangeably, and in the absence of any authority that renders the WCAC's decision an error of law, we are simply not persuaded that the SIF is entitled to any relief on this issue.

Next, the SIF claims that TPM failed to comply with MCL 418.925(1), which states, in part:

> Not less than 90 nor more than 150 days before the expiration of 52 weeks after the date of injury, the carrier shall notify the fund whether it is likely that compensation may be payable beyond a period of 52 weeks after the date of injury.

In the case at bar, the magistrate concluded that TPM failed to comply with the above notice provision. The WCAC reversed the magistrate's decision, stating:

> [D]efendants were not paying benefits nor did plaintiff even seek benefits from them until more than four years

after the new date of injury. As a result, appellants [TPM and Accident Fund] were neither paying benefits nor were they even aware of a claim against them. Section 925(1) presumes not only an awareness of a claim but also actual payment of benefits.

MCL 418.925(1) specifically places the burden of notifying the SIF on the "carrier." In this case, the "carrier" for a June 1994 injury was Accident Fund, and Accident Fund was unaware of the injury until 1998, well outside the notice period set forth in MCL 418.925(1). The question then becomes whether the WCAC committed an error of law in concluding that, in light of the fact that Accident Fund was unaware of plaintiff's claim for benefits until after the notice period set forth in MCL 418.925(1) expired, the failure to comply with the notice provision did not preclude the SIF's liability. In support of its claim that the WCAC did err, the SIF again cites *Robinson, supra.*

We do find *Robinson* instructive on this issue. In *Robinson, supra* at 334-335, this Court held that MCL 418.925(1) imposes a "mandatory notice requirement" and that failure to comply with that requirement precludes the SIF's liability. Therefore, compliance with the notice provisions of 418.925(1) is "mandatory," and in the case at bar, it is undisputed that notice was not given within the period set forth in that subsection. In light of *Robinson* and the WCAC's failure to cite any authority for its conclusion that this "mandatory" notice requirement can be waived, we conclude that the WCAC's decision amounted to an error of law.

The WCAC also appeared to support its decision by relying on MCL 418.931(1), which states:

If an employee was employed under the provisions of this chapter and a dispute or controversy arises as to payment

of compensation or the liability therefor, the employee shall give notice to, and make claim upon, the employer as provided in chapters 3 and 4 and apply for a hearing. On motion made in writing by the employer, the director, or the worker's compensation magistrate to whom the case is assigned, [sic] shall join the fund as a party defendant.

According to the WCAC, MCL 418.931 specifically covers situations, such as the instant case, where there is a dispute or controversy regarding the payment of compensation, whereas MCL 418.925(1) applies to voluntary payment cases. While it did not clearly say so, the WCAC seemed to indicate that MCL 418.931, not MCL 418.925(1), applied to the instant case.

To the extent the WCAC did arrive at such a conclusion, we disagree. MCL 418.925(1) states that when a vocationally disabled person receives an injury, "the procedure and practice provided in this act applies to all proceedings under this chapter, except where specifically otherwise provided herein." We find nothing in the rest of MCL 418.925(1) that specifically limits the notice requirement therein to situations where the benefits are voluntarily paid, nor anything in MCL 418.931 that specifically limits its application to situations where there is a dispute concerning the payment of benefits. Therefore, to the extent the WCAC concluded that MCL 418.925(1) was inapplicable to the instant case, it committed an error of law.

We reverse and remand to the WCAC for further proceedings consistent with this opinion. We do not retain jurisdiction.