BAILEY v OAKWOOD HOSPITAL AND MEDICAL CENTER

Docket No. 243132. Submitted October 16, 2003, at Detroit. Decided
    November 6, 2003, at 9:00 A.M. Leave to appeal sought.

Mary Bailey sought a hearing in the Bureau of Worker's Disability
    Compensation regarding the decision of her employer, Oakwood
    Hospital and Medical Center, to terminate payment of worker's
    compensation benefits for work-related injury sustained at a time
    when she was certified as vocationally disabled. Oakwood, which
    stopped benefits on the basis of its belief that Bailey was avoiding
    work, filed a claim against the Second Injury Fund for reimburse-
    ment of benefits paid beyond fifty-two weeks of the plaintiff's
    injury. MCL 418.921. The Fund moved to dismiss Oakwood's claim
    on the basis of Oakwood's failure to comply with MCL 418.925,
    which requires an employer's insurance carrier to notify the Fund
    of the Fund's potential liability for benefit payments to a certified
    vocationally disabled claimant beyond the employer's fifty-two
    weeks of liability. A worker's compensation magistrate granted the
    Fund's motion for dismissal. Oakwood appealed the dismissal of its
    claim against the Fund to the Worker's Compensation Appellate
    Commission, which reversed the magistrate's decision and
    remanded the matter to the magistrate with an instruction that the
    Fund be added as a party. On remand, the magistrate granted Bai-
    ley an open award of benefits, determining that Oakwood had not
    proved that Bailey avoided work, that Oakwood or its insurer had
    not notified the Fund of the Fund's potential liability, and that, pur-
    suant to *Robinson v Gen Motors Corp*, 242 Mich App 331 (2000),
    dismissal of Oakwood's reimbursement claim is the proper remedy
    for the failure to notify the Fund. Oakwood appealed to the WCAC,
    challenging the magistrate's dismissal of the claim for reimburse-
    ment and the magistrate's finding that Bailey had not avoided work.
    The WCAC decided that the magistrate's decision to grant an open
    award of benefits must be reversed, that dismissal of the Fund is
    required by *Robinson*, and that the work avoidance issue was moot
    in light of its decision. Bailey appealed, the Bureau of Worker's and
    Unemployment Compensation intervened as an appellant, and Oak-
    wood cross-appealed.

    The Court of Appeals *held*:

1. The WCAC committed an error of law by concluding that Oakwood is entitled to the fifty-two week limitation on liability provided in MCL 418.921 when Oakwood failed to comply with the notice requirement of MCL 418.925. While § 921 provides that after fifty-two weeks of disability the Second Injury Fund will pay benefits for those who are previously certified as vocationally disabled, that section only applies if the Fund has been properly notified of the claim and made a party to any proceeding for benefits. Invoking the payment schedule set by § 921 when the Fund was never properly brought into the case is illogical, inconsistent with the language and purpose of the worker's compensation act, and unjustly punishes the worker for the employer's lack of diligence.

2. The magistrate correctly followed *Robinson* rather than comply with the WCAC's instruction to add the Fund as a party. The law of the case doctrine does not preclude reconsideration of a question if there has been an intervening change of law after the initial decision on appeal. *Robinson* represented an intervening change of law under the circumstances of this case, and the magistrate was obliged to follow *Robinson*.

3. The WCAC erroneously concluded that the work avoidance issue was moot. A remand of this matter to the WCAC is necessary for review by the WCAC of the magistrate's finding that Oakwood had not shown that Bailey avoided work.

Reversed and remanded.

WHITBECK, C.J., concurring, stated that the consequences of an employer's failure to notify the Second Injury Fund as required by MCL 418.925(1) are that pursuant to *Robinson* the imposition of liability on the Fund is precluded, and that the employer cannot pass its liability to the Fund or obtain the benefit of the fifty-two week limitation on employer liability.

WORKER'S COMPENSATION — VOCATIONALLY DISABLED CERTIFICATION — NOTICE TO THE SECOND INJURY FUND.

An employer limits its liability for payment of worker's compensation benefits to a worker certified as vocationally disabled to a period of fifty-two weeks after the date of injury only if the employer or its worker's compensation insurer, within not less than ninety days nor more than 150 days before the expiration of fifty-two weeks after the injury, notifies the Second Injury Fund of the likelihood that the Fund may be liable for the payment of benefits for the period beyond fifty-two weeks after the date of injury (MCL 418.921, 418.925).

*Jeffrey S. Weisswasser* (*Daryl Royal*, of counsel), for Mary Bailey.

*Humphrey, Hannon, Moriarty & Schoener, P.C.* (by *Robert J. Humphrey* and *John L. Ruedisueli*), for Oakwood Hospital and Medical Center.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Morrison Zack*, Assistant Attorney General, for the Second Injury Fund.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Victoria A. Keating*, Assistant Attorney General, for the Director of the Bureau of Worker's and Unemployment Compensation.

Before: WHITBECK, C.J., and JANSEN and MARKEY, JJ.

PER CURIAM. Plaintiff appeals by leave granted from an order of the Worker's Compensation Appellate Commission (WCAC) terminating an open award of benefits in favor of plaintiff because the defendant's workers' compensation insurance carrier failed to notify the Second Injury Fund of the Fund's potential liability; consequently, neither the carrier nor the Fund was liable. Defendant Oakwood Hospital and Medical Center (hereinafter defendant) cross-appeals, challenging the magistrate's decision awarding benefits. The director of the Bureau of Worker's and Unemployment Compensation joins plaintiff in this appeal as an intervening appellant. We reverse the WCAC's order terminating benefits and remand the matter to the commission to address defendant's challenge to the magistrate's finding of fact.

Plaintiff started working for defendant as a medical transcriptionist in 1989. When defendant hired plaintiff she was certified as vocationally handicapped because of a prior back injury. In late 1993, plaintiff began suffering pain in her hands and arms from bilateral carpal tunnel syndrome. She underwent surgery in December 1993 and January 1994, and returned to work in February 1994. Despite the surgery and physical therapy, plaintiff's symptoms returned. She left work in September 1994.

Defendant paid worker's compensation benefits to plaintiff until March of 1998. It stopped payments on the basis of plaintiff's alleged work avoidance. Plaintiff filed her first application for a hearing in May 1998, claiming a bilateral upper extremity and neck disability. The parties stipulated injury dates of October 6, 1993, and September 21, 1994.

At some point during the proceedings, defendant discovered plaintiff's vocationally handicapped worker's certificate. In November 1998 defendant filed a claim against the Second Injury Fund seeking reimbursement for benefits it paid plaintiff past the one-year period set by MCL 418.921. The Fund moved to dismiss defendant's petition for failure to comply with the notice provisions set by MCL 418.925. The magistrate found that defendant had failed to timely notify the Fund of plaintiff's claims as required by subsections 925(1) and 931(1)'of the worker's compensation act and granted the Fund's motion to dismiss defendant's petition.

Defendant appealed the magistrate's dismissal of its claim against the Fund to the WCAC, which reversed the magistrate and remanded the matter with an instruction that the magistrate make the Fund a party.

In his opinion after remand, the magistrate addressed defendant's argument that plaintiff's benefits should be terminated on the basis of work avoidance and reconsidered whether the Fund could be added as a party in light of this Court's recent decision in *Robinson v Gen Motors Corp*, 242 Mich App 331; 619 NW2d 411 (2000). The magistrate found that defendant had not met its burden of proving that plaintiff avoided work. The magistrate noted that it was not contested that defendant did not properly notify the Fund as required by the act. Citing *Robinson*, the magistrate found that dismissal of defendant's claim against the Fund was the appropriate sanction for failing to provide notice. The magistrate dismissed defendant's claim against the Fund and granted plaintiff an open award of benefits.

Defendant appealed the magistrate's decision to the WCAC, challenging the magistrate's dismissal of the Fund and his finding that plaintiff had not avoided work. The commission's final opinion addresses only the Fund's dismissal. The WCAC noted that under subsection 921(1), the employer's liability for compensation is limited to benefits accruing during the fifty-two weeks after the plaintiff's injury. After that fifty-two-week period, the Fund is liable for the benefits. On the basis of subsection 921(1) and *Robinson*, the WCAC concluded that dismissing defendant's claim against the Fund effectively precluded plaintiff from receiving any benefits after the fifty-two-week period following her injury. The commission reasoned:

> While we disagree with the rationale [from] *Robinson*, we must follow that decision. That decision requires dismissal of the Second Injury Fund because defendant failed to

notify the Fund of potential liability within the time parameters of section 925.

However, *Robinson* does not address an employer's liability. Section 921 defines the liability of the employer. As we have previously stated, the liability of the employer extends through the first year post injury and no further. Under section 921, defendant's liability expires 52 weeks after the date of injury. In this case plaintiff's last date of injury was September 21, 1994. Thus, defendant's liability expired on September 21, 1995.

Again, we must state that we rejected the Robinson rationale for precisely this reason. More specifically, Section 921 limits a defendant's liability, and since section 925 expressly does not impose any additional liability, *Robinson* unfairly punishes plaintiffs for defendant's actions. As we previously explained, the Fund is the only entity liable beginning 52 weeks after the injury according to the statute. In fact, we may not have jurisdiction to order an employer to pay benefits beyond the first year post injury. If the Fund escapes liability, the injured employee has no recourse. The court addressed only the limits of the Fund's liability and did not explain the extension of an employer's liability. While we avoided this absurd result by interpreting sections 921, 925, and 931 collectively, *Robinson* did not follow our interpretation. Instead, the court mandates the dismissal of the Fund.

The WCAC noted that its disposition "renders defendant's argument concerning work avoidance moot." The commission's order modified the magistrate's decision by stating that defendant's "liability for wage loss and medical benefits ends on September 21, 1995."

On appeal plaintiff argues that the WCAC misinterpreted the Worker's Disability Compensation Act and left her with no remedy for an adjudicated work-related disability. The director and the Second Injury Fund also argue that the commission erroneously lim-

ited defendant Oakwood's liability for worker's compensation benefits. Defendant raises four arguments on cross-appeal: (1) that the magistrate's decision to follow *Robinson* rather than simply following the commission's instruction to add the Fund as a party violated the law of the case doctrine; (2) that the magistrate's failure to find that plaintiff was avoiding work was not supported by the evidence; (3) that the Worker's Disability Compensation Act required that the commission limit defendant's liability to the first fifty-two weeks of worker's compensation benefits; and (4) that the bureau and the Fund have advocated irreconcilable positions that require either holding the Fund liable or simply affirming the commission's order terminating plaintiff's benefits. The Fund argues that the commission properly affirmed the magistrate's order dismissing it from the case.

I

We agree with plaintiff's position on appeal and reject the third and fourth arguments from defendant's cross-appeal. The WCAC committed an error of law by concluding that defendant is entitled to the protection of § 921 when it did not comply with the notice provision of § 925.

The Commission relied on MCL 418.921, which provides:

A person certified as vocationally disabled who receives a personal injury arising out of and in the course of his employment . . . shall be paid compensation in the manner and to the extent provided in this act . . . . The liability of the employer for payment of compensation . . . shall be limited to those benefits accruing during the period of 52

weeks after the date of injury. Thereafter, all compensation
. . . shall be the liability of the fund.

Subsection 925(1) of the act, MCL 418.925(1),
requires that "[n]ot less than 90 nor more than 150
days before the expiration of 52 weeks after the date
of injury, the carrier shall notify the fund whether it is
likely that compensation may be payable beyond a
period of 52 weeks after the date of injury." The
notice requirement of subsection 925(1) is mandatory,
so an employer's or carrier's failure to notify the Sec-
ond Injury Fund obviates the Fund's liability under
§ 921. *Valencic v TPM, Inc*, 248 Mich App 601, 608;
639 NW2d 846 (2001); *Robinson, supra* at 334-335.

It is undisputed that defendant did not notify the
Fund within the time required by § 925. Because
defendant failed to timely notify the Second Injury
Fund as required by subsection 925(1), it cannot pass
its liability for plaintiff's continued benefits on to the
Fund under § 921. Nor should defendant be given the
benefit of the fifty-two-week limitation set forth in
§ 921 where it has not effectively brought the Fund
into the action. Section 921 expressly provides that a
vocationally disabled person who is injured on the
job "shall be paid compensation in the manner and to
the extent provided in this act." Other parts of the act
require that employees disabled by a work-related
injury receive benefits "for the duration of the disabil-
ity." MCL 418.351(1) and 418.361(1). While § 921 pro-
vides that after fifty-two weeks of disability, the Sec-
ond Injury Fund will pay benefits for disabled per-
sons previously certified as vocationally handicapped,
that section only applies if the Fund has been prop-
erly notified of the claim and made a party to any
proceeding for benefits. Invoking the payment sched-

ule set by § 921 when the Fund was never properly brought into the case is illogical, inconsistent with the language and purpose of the act, and unjustly punishes plaintiff for defendant's lack of diligence.

II

Defendant argues that the magistrate erred by following this Court's decision in *Robinson, supra*, instead of following the commission's order to add the Fund as a party. The commission did not address this issue. This Court reviews the WCAC's decision, not the magistrate's decision. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 723, 732; 614 NW2d 607 (2000). Furthermore, the law of the case doctrine does not preclude reconsideration of a question if there has been an intervening change of law after the initial decision on appeal. *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001). This Court's decision in *Robinson* was issued after the WCAC's order remanding the case to the magistrate and changed the law on the issue. The magistrate was obliged to follow the law established in *Robinson*.

III

Defendant also argues that the magistrate erred by failing to find that plaintiff was avoiding work. The WCAC, not the courts, reviews the magistrate's findings of fact. *Mudel, supra* at 706, 732. Because the commission erroneously concluded that this argument was moot, we remand this case to the WCAC to address this issue.

The Worker's Compensation Appellate Commission's order concluding that defendant's liability for

wage loss and medical benefits ended after fifty-two weeks is reversed, and the case is remanded to the commission to address defendant's challenge to the magistrate's finding that it had not shown that plaintiff was avoiding work.

Reversed and remanded. We do not retain jurisdiction.

WHITBECK, C.J. (*concurring*). I concur in the majority opinion. I write separately to highlight the reasoning by which I reach the same result as the majority regarding the question of the liability of an employer who fails to give the notice required by subsection 925(1)[1] of the Worker's Disability Compensation Act. I do so because this reasoning is somewhat at variance with the language of the majority opinion.

## I. THE LANGUAGE OF THE STATUTE

As the majority opinion states, defendant Oakwood Hospital and Medical Center hired plaintiff Mary Bailey as a medical transcriptionist. At the time of her hire, Bailey was certified as vocationally handicapped because of a prior back injury. Bailey's prior disability triggers the provisions of § 921 of the act. This section provides:

> A person certified as vocationally disabled who receives a personal injury arising out of and in the course of his employment . . . shall be paid compensation in the manner and to the extent provided in this act . . . . The liability of the employer for the payment of compensation . . . shall be limited to those benefits accruing during the period of 52

---

[1] MCL 418.925(1).

weeks after the date of injury. Thereafter, all compensation
. . . shall be the liability of the [Second Injury F]und . . . .[2]

Subsection 925(1) of the act requires that "[n]ot
less than 90 nor more than 150 days before the expi-
ration of 52 weeks after the date of injury, the carrier
shall notify the fund whether it is likely that compen-
sation may be payable beyond a period of 52 weeks
after the date of injury."[3]

. Worker's compensation for a person who is certi-
fied as vocationally disabled and who is thereafter
injured in the course of employment is provided for
in the general sections of the act. Subsection 301(1)
states that "[a]n employee, who receives a personal
injury arising out of and in the course of employment
by an employer who is subject to this act at the time
of the injury, shall be paid compensation as provided
in this act."[4] Subsections 351(1) and 361(1) state that
"[c]ompensation shall be paid for the duration of the
disability."[5]

Thus, the statutory scheme for paying worker's
compensation to a person who is certified as voca-
tionally disabled and who is thereafter injured in the
course of employment is a reasonably straightforward
one. The employer of such a person, or that
employer's worker's compensation carrier, pays
worker's compensation to that person for fifty-two
weeks from the date of the injury. Thereafter, the Sec-
ond Injury Fund pays worker's compensation to that

---

[2] MCL 418.921.

[3] MCL 418.925(1).

[4] MCL 418.301(1).

[5] MCL 418.351(1), 418.361(1).

person. The payments are made as provided in the act and for the duration of the disability.

## II. STATEMENT OF THE ISSUES

This case presents two separate and distinct issues. The first issue relates to the consequences to the Second Injury Fund of a failure by an employer, in this case Oakwood, to comply with the requirements of subsection 925(1) by providing notice to the Second Injury Fund that compensation may be payable beyond a period of fifty-two weeks after the date of an injury to a person, here Bailey, who has been certified as vocationally disabled. This Court has addressed this issue in two prior, precedentially binding decisions: *Valencic v TPM, Inc*,[6] and *Robinson v Gen Motors Corp.*[7] In both of these cases, this Court held that the consequence to the Second Injury Fund of an employer's failure to provide the required subsection 925(1) notice to the Fund was that such a failure precluded the imposition of liability on the Fund.[8]

The second issue flows from the first and relates to the consequences to the employer, Oakwood, of its failure to comply with the requirements of subsection 925(1) by providing notice to the Second Injury Fund. To my knowledge, there are no precedentially binding cases dealing with this issue. The majority here first holds that, since Oakwood failed to give timely notice to the Second Injury Fund, it cannot pass its liability

---

[6] *Valencic v TPM, Inc*, 248 Mich App 601; 639 NW2d 846 (2001).

[7] *Robinson v Gen Motors Corp*, 242 Mich App 331; 619 NW2d 411 (2000).

[8] See *Valencic, supra* at 608, citing *Robinson, supra* at 334-335 (failure to comply with the mandatory notice requirement in MCL 418.925[1] precludes the liability of the Second Injury Fund).

for Bailey's continued benefits to the Second Injury Fund under § 921 of the act. The majority next holds that "[n]or should defendant [Oakwood] be given the benefit of the fifty-two-week limitation" set forth in § 921 "where it has not effectively brought the Fund into the action."

### III. THE CONSEQUENCES TO THE SECOND INJURY FUND

I must admit that I am not overly enamored of the reasoning in *Robinson* and in *Valencic*. The *Robinson* panel noted, accurately, that subsection 925(1) is "silent regarding the consequences of an employer's failure to give notice to the fund during the period prescribed by the statute."[9] Despite this lack of any statutory language spelling out the consequences to the Second Injury Fund of an employer's failure to give notice, the *Robinson* panel concluded that there should be *some* consequences because, were there not, "employers would be free to ignore the statutory requirements without fear of adverse consequences."[10] In my view, the *Robinson* panel thereby took upon itself the role of a superlegislature, stepping into a breach created by the silence of the statute itself in order to avoid a hypothetically undesirable result. I do not view this as the proper function of an appellate court; we do not, or ought not, function as black-robed nannies who tidy up the language of the law in the name of "fairness." Similarly, when the *Valencic* panel used the *Robinson* holding to cut off the liability of the Second Injury Fund, it was

---

[9] *Robinson, supra* at 335.

[10] *Id.*

quite simply inventing a remedy nowhere provided for in the statute itself.

Nevertheless, these decisions are on the books and are precedentially binding. Under the law as it now stands, therefore, the consequence to the Second Injury Fund of an employer's failure to provide the required subsection 925(1) notice is quite clear: there can be no imposition of liability on the Second Injury Fund.

### IV. THE CONSEQUENCES TO THE EMPLOYER

#### A. INABILITY TO PASS LIABILITY TO THE SECOND INJURY FUND

The majority here first holds Oakwood cannot pass its liability for Bailey's continued benefits to the Second Injury Fund under § 921 of the Worker's Disability Compensation Act. This holding accords with the formal logic of a syllogism:

> Major Premise: The Second Injury Fund is not liable if it has not received the required Section 921 notice.
> Minor Premise: Oakwood did not give the required Section 921 notice to the Second Injury Fund.
> Conclusion: Therefore, the Second Injury Fund is not liable.

Under the rules of logic, generally, if the major premise and the minor premise are both true, then the conclusion must also be true if the premises imply such a conclusion. While I disagree with the reasoning that the *Robinson* and *Valencic* panels used to construct the major premise, we are constrained to adopt it by the rules of precedent.[11] It is only a

---

[11] See MCR 7.215(J)(1).

semantic half-step, and a perfectly logical one, to say that if the Second Injury Fund itself cannot be liable, then Oakwood cannot pass its liability to the Fund. Therefore, I agree with the majority's conclusion that the first consequence to Oakwood for its failure to give the required § 921 notice is that it cannot pass its liability to the Second Injury Fund under the second sentence of that section of the act.

### B. INABILITY TO UTILIZE THE FIFTY-TWO-WEEK LIMITATION

The majority here next holds that Oakwood should not be given the benefit of the fifty-two-week limitation set forth in § 921 where it did not effectively bring the Second Injury Fund into the action. This is certainly more than semantics. It does not necessarily follow that if the Second Injury Fund *cannot be* liable, then Oakwood *must be* liable. While I concede that § 921 provides that when a vocationally disabled person is injured on the job, that person "*shall* be paid compensation in the manner and to the extent" provided in the act,[12] nowhere in the language of the statute is there a provision that expressly states that an employer, if it fails to provide the required § 921 notice, loses the benefit of the fifty-two-week limitation.

Certainly, fairness would appear to dictate such a result. Again, however—and as harsh as it may sound—appellate courts are not, when construing a statute, primarily concerned with fairness. Rather, we are—or ought to be—concerned with ascertaining the plain meaning of the words that the Legislature used.

---

[12] Emphasis supplied.

The fact remains, however, that in *Robinson* and in *Valencic* this Court saw fit to create a consequence for the Second Injury Fund if an employer failed to give the Fund the required § 921 notice. That consequence was a positive one for the Fund: it could not be held liable for the payment of worker's compensation if it had not received the required notice. Here, the majority creates a consequence for the employer who fails to give the notice. That consequence is a negative one for the employer: it will be held liable beyond the fifty-two-week limitation.

Although I view it as a close question, I am ultimately persuaded that the creation of such a consequence for the employer flows inevitably from *Robinson* and *Valencic*. We are precedentially bound by those decisions to shield the Second Injury Fund from liability when it did not *receive* the required § 921 notice, even in the face of the absolute silence of the third sentence in § 921 regarding such a shield. If this is so, then we cannot avoid imposing liability on Oakwood when it failed to *give* the required § 921 notice, even in the face of the absolute silence in the second sentence of § 921 regarding such an imposition.

While I am not persuaded by the obvious fairness of such a result, I am convinced that consistency is an important value in the application of the law. It would be utterly inconsistent to hold, as *Robinson* and *Valencic* require us to do, that the Second Injury Fund has a shield from liability because it did not *receive* the required § 921 notice and then accord the same shield from liability to Oakwood because it did not *give* such notice. Simply put, if we are to interpret the third sentence of § 921, then we must also

interpret the second sentence and we must do so in a consistent manner. Thus, I agree with the majority's conclusion that the second consequence to Oakwood for its failure to give the required § 921 notice is that it cannot obtain the benefit of the fifty-two-week limitation contained in the second sentence of that section of the act.

I therefore concur.